## THE STATE OF KANSAS v. HAROLD CHILD et al.

ALIBI—*Evidence*—*Reasonable Doubt.* In a criminal action, where the defense of an *alibi* is set up, it does not devolve upon the defendant to prove the defense by a preponderance of the evidence. If the state alleges that the accused was personally present at the commission of the crime, and such personal presence is necessary to a conviction, that fact must be established by the state by evidence that will convince the jury beyond a reasonable doubt.

*Appeal from Chautauqua District Court.*

PROSECUTION for a felonious assault. At the June term, 1888, the defendants, *Child* and *Bowman*, were convicted and sentenced to the penitentiary—the former for three years, and the latter for five years. They appeal. The opinion contains a sufficient statement of the case.

*J. Milton*, and *J. V. Beekman*, for appellants.

*John W. Shartel*, county attorney, for The State.

Opinion by SIMPSON, C.: This is a criminal appeal from Chautauqua county. The defendants, Harold Child and Lee Bowman, were on the 28th day of June, 1888, convicted in the district court of felonious assault, and sentenced to the penitentiary for the periods of three and five years respectively. The indictment on which the defendants were tried, omitting the caption and introduction, is in the following words:

. . . "do present that one Harold Child, John Child, and Lee Bowman, on the 18th day of November, in the year of our Lord one thousand eight hundred and eighty-seven, in said county of Chautauqua and state of Kansas, in and upon Willie Watson, then and there being, did, on purpose and of malice aforethought, unlawfully and feloniously assault him, the said Willie Watson, and did then and there with, to wit, two certain revolving pistols, shoot at him, the said Willie Watson, and did then and there, on purpose and of malice aforethought, unlawfully and feloniously beat and wound him, the said Willie Watson, upon the head and body of him, the said Willie Watson, with a certain revolving pistol held in the hands of them, the said Harold Child, John Child, and Lee Bowman, the said pistol being then and there a deadly weapon, and by means of such blows, purposely and of malice aforethought, unlawfully and feloniously struck upon the head and body of him, the said Willie Watson, the said Harold Child, John Child and Lee Bowman did unlawfully and feloniously greatly injure in body and wound him, the said Willie Watson; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas."

The alleged errors complained of by the defendants are substantially as follows: The defendants complain of that portion of the instruction of the court upon the question of *alibi* which reads as follows:

"The defendants in this case, for a defense to this action, rely principally upon what is commonly known and called an 'alibi.' An 'alibi' in law simply means that the defendant was not there; or, to state it more definitely, a defendant who sets up an 'alibi' shows such a state of facts surrounding his whereabouts at that particular time as would make it practically improbable or impossible for him to have committed

the offense charged; and these defendants rely in this case principally upon an 'alibi'; they claim that at the time and place when and where this offense was committed, they were at the same time at so great a distance away from this particular place as to make it improbable or impossible for them to have committed this offense.

"As a matter of law, whenever a defendant relies on an 'alibi' for his defense, the law casts upon him the burden of showing by a preponderance of the evidence that the 'alibi' is true; in other words, in this case, if these defendants have not, by preponderance of the evidence upon that particular branch of this case, satisfied you that their 'alibi' is made out, then and in that event you will be justified in finding against them, as far as the question of 'alibi' is concerned; provided always, you are, from all the other evidence in the case, and from all the circumstances surrounding the case, satisfied beyond a reasonable doubt of their guilt.

"By a 'preponderance of the evidence' I mean that evidence which weighs most strongly upon your minds, judgments and consciences, and that evidence which preponderates in favor of one side or the other; and the burden is upon these defendants to show, by a preponderance of the evidence, that this 'alibi' is fairly made out; that is to say, that they have fairly satisfied you by a preponderance of the evidence that at the time and place when this offense was committed, and where this offense was committed, they were at another place at that particular time. But, while that is the law surrounding that particular branch of this case, you must at all times, gentlemen, bear in mind that you must be satisfied from all the evidence in the case, beyond a reasonable doubt, as to the guilt of these defendants, or either of them, before you will be justified in convicting them."

Many other errors are complained of, and a vigorous assault is made upon the indictment, but we shall notice only the instruction of the court on the question of "alibi," that being so erroneous as to compel a reversal of the judgment of conviction. Whatever may be said as to the rule in other states, it can be very safely asserted that the person charged with the commission of a crime within this state is not required to prove his defense, or establish his innocence (and the expressions are synonymous in the sense we use them) by a preponderance of the evidence. Our statute (Crim. Code, § 228)

casts the burden of proof on the state. There is a presumption that clings to a person charged with crime, through every successive step of his trial, that he is innocent, and this presumption is never weakened, relaxed or destroyed, until there is a judgment of conviction. The state is required to prove his guilt beyond any reasonable doubt, and all the defendant has ever been required to do is to produce evidence that creates such a doubt as to entitle him to an acquittal. He is not required to prove his innocence; all that is demanded of him is to show such a state of facts as to create a reasonable doubt of his guilt. This defense of *alibi* is peculiar in this respect so far as this case is concerned, that the state is bound to prove, in making its case, that the defendant was present at the commission of the crime, and this material fact it must prove beyond any reasonable doubt. The defendant alleges he was not present, and he offers evidence to sustain this allegation. The trial court said he must prove it by a preponderance of the evidence, while the general rule of law outside of the statutory requirement, casts the burden of proving that fact on the state. The rule announced by the trial court does not apply in this state to insanity, and probably to any other (if we may use the term) affirmative defense to a criminal action. It is said by Mr. Justice VALENTINE in the case of *The State v. Crawford*, 11 Kas. 32:

"In a criminal action where the defense of insanity is set up, it does not devolve upon the defendant to prove that he is insane, by a preponderance of the evidence, but if upon the whole evidence introduced on the trial, together with all the legal presumptions applicable to the case under the evidence, there should be a reasonable doubt as to whether the defendant is sane or insane, he must be acquitted."

The instruction is directly in the face of this opinion, and is sufficient of itself to compel a reversal.

It is recommended that the judgment be reversed, and the case remanded, with instructions to grant the defendants a new trial.

By the Court: It is so ordered.

All the Justices concurring.