FRANK PEYTON ET AL. V. STATE OF NEBRASKA.

FILED MARCH 17, 1898. No. 9852.

1. Criminal Law: ALIBI. "Alibi," as employed to express the defense of the accused person in a criminal action, means the claim of the party charged of presence at the time the crime is pleaded to have been committed at a place other than the one alleged of the crime.

2. ——: ——: INSTRUCTIONS. The distance of the place where a party who is charged claims to have been at the time from the alleged location of the commitment of a crime, while necessarily elemental of the different places is not the controlling fact or element; and it is not proper to instruct a jury that in a defense of alibi it must appear that the distance was so great as to preclude the possibility that the accused could have been at the stated scene of the crime charged.

3. ——: ——: ——. In a criminal case the burden of proof is not upon the person on trial to establish an alibi, and an instruction by which a jury is informed that it is is erroneous.

4. ——: ——: EVIDENCE. Where the defense in a criminal action is an alibi, it is sufficient to call for a verdict of acquittal if the jury, from a consideration of all the evidence, have a reasonable doubt of the presence of the accused at the place and time of the alleged crime, whether such doubt be from lack of proof on the part of the state, or from the evidence adduced in behalf of the party charged.

ERROR to the district court for Douglas county. Tried below before BAKER, J. *Reversed*.

*T. J. Mahoney* and *Duffie & Van Dusen*, for plaintiffs in error.

*C. J. Smyth, Attorney General*, and *Ed P. Smith, Deputy Attorney General*, for the state.

HARRISON, C. J.

In an information filed in the district court of Douglas county the plaintiffs in error were charged in a first count thereof with the crime of shooting a designated person with an intent to kill him; in a second count, with shooting said person with an intent to wound him. On arraignment each pleaded not guilty. A trial of the issues resulted in a conviction of plaintiffs in error of the commission of the crime charged in the second count of the information, and subsequently each was sentenced to imprisonment in the penitentiary for a period of four years. Of the proceedings during the trial a review on behalf of the convicted parties is the object of the error proceeding in this court.

Of the defenses interposed for plaintiffs in error in the trial court was that of an alibi. Testimony was introduced which tended to establish that at the time the crime was committed, with the perpetration of which plaintiffs in error were charged, they were at home, not present at the scene of such crime, and could not have been. In its charge to the jury the trial court gave an instruction, numbered 6, on the subject of the defense, to which we have just referred, which instruction was in the following terms: "The defendants claim as a part of their defense what is known as an alibi; that is, at the time the crime with which they stand charged was being committed they were at such a distance and different place that they could not have participated in its commission. The defense of alibi, to be entitled to consideration, must be such as to show that at the very time of the commission of the crime charged the accused were at

another place, so far away and under such circumstances that they could not, with ordinary exertion, have reached the place where the crime was committed. Proof of an alibi must be sufficient to raise in your minds a reasonable doubt of the defendant's presence at the time and place of the commission of the crime charged." This, it is insisted, was erroneous and prejudicial to the rights of the parties on trial, in that it embodied an incorrect definition of the defense relative to which it was framed and read for the information of the jury.

An alibi in criminal law is defined in Black's Law Dictionary as follows: "Elsewhere; in another place. A term used to express that mode of defense to a criminal prosecution, where the party accused, in order to prove that he could not have committed the crime with which he is charged, offers evidence to show that he was in another place at the time; which is termed setting up an alibi." And in 2 Am. & Eng. Ency. Law [2d ed.] 53, "The word 'alibi' means, literally, 'elsewhere,' and a prisoner or accused person is said to set up an alibi when he alleges that, at the time when the offense with which he is charged was committed, he was 'elsewhere'; that is, in a place different from that in which it was committed." The trial court made use of the words "at such distance and different place that they could not have participated in" the commission of the crime in defining an alibi. The expression as to the element of distance was an incorrect one. That parties charged with acts constituting a crime were at a place other than that of the alleged acts embraces necessarily as elemental of its existence as a fact that they were also at some distance from the alleged place of the commitment of the crime. But that the distance disclosed by the evidence be long or short is not always an absolutely controlling fact. It can do no more than to lend greater or lesser countenance and force to the defense in a degree proportionate to its extent. That the distance must be such as to preclude any possibility of a participation in the crime as was expressed in the

instruction quoted was incorrect, conveyed a wrong impression, and was calculated to prejudice the rights of the parties on trial.

What we have just said is equally forcible and applicable to the portion of the instruction in which the jury was told that the defense presented, to be entitled to consideration, must establish that when the crime was committed the accused were so far away and under such circumstances that they could not by ordinary exertion have reached the place of the crime. This was wrong in its absolute requirement that it be shown that the place where plaintiffs in error claimed to have been other than that of the crime was so far distant from the latter that the parties charged could not by any ordinary exertions have been at the latter place.

The instruction was also objectionable for casting the burden of proof of the alibi on the plaintiffs in error. In regard to the burden of proof generally in criminal cases it was stated in *Gravely v. State*, 38 Neb. 871: "In criminal prosecutions the burden of proof never shifts, but, as to all defenses which the evidence tends to establish, rests upon the state throughout; hence a conviction can be had only when the jury are satisfied, from a consideration of all the evidence, of the defendants' guilt beyond a reasonable doubt. That rule applies not alone to the case as made by the state, but to any distinct, substantive defense which may be interposed by the accused to justify or excuse the act charged." (See citations in the body of the opinion, page 873.) It was said by MAXWELL, C. J., in *Burger v. State*, 34 Neb. 397: "An instruction that 'If you find the defendants tendered a reasonable doubt' is erroneous, as it in effect shifts the burden of proof onto the accused. The true rule is that if upon all the evidence the jury entertain a reasonable doubt of the guilt of the accused they should acquit." In *Casey v. State*, 49 Neb. 403, directly on the subject of the defense of an alibi, it was held: "It is error to instruct that the accused in a criminal prosecution is required to prove an

alibi. It is sufficient to entitle him to an acquittal if the jury, from a consideration of all of the evidence, enter-tain a reasonable doubt of his presence at the commission of the crime charged, whether such doubt arise from a failure of proof on the part of the state, or from evidence submitted by the accused in his own behalf." In the body of the opinion it was stated: "There are, it must be confessed, precedents for the instructions complained of, but the sound rule is believed to be that the accused in a criminal prosecution is entitled to an acquittal when-ever the jury, from a consideration of all of the evidence adduced, entertain a reasonable doubt of his presence at the time and place where the crime is shown to have been committed." In the opinion in the case of *Henry v. State,* 51 Neb. 149, appears the following statement: "We are also of the opinion that the court erred in giving instructions Nos. 10 and 11, by which the burden was imposed upon the accused of proving his presence in Franklin county for such length of time that it was impossible for him to have been present at the commission of the homicide. It follows logically, if not necessarily, from the decisions of this court, that the proof of an alibi is not required to cover the entire period within which the offense might possibly have been committed, but that the accused is entitled to an acquittal whenever the evidence is sufficient to create in the minds of the jurors a reasonable doubt of his presence at the commission of the offense with which he stands charged." (See also *McLain v. State,* 18 Neb. 154, *Beck v. State,* 51 Neb. 106, *State v. Child,* 40 Kan. 482, 2 Am. & Eng. Ency. Law [2d ed.] 55, note 3.) For the error in giving the instruction under consideration, the judgment must be reversed and the cause remanded.

There are other assignments of error argued in the briefs filed herein, but we do not deem their discussion necessary and will omit it.

REVERSED AND REMANDED.