THE STATE OF KANSAS v. J. W. KELLEY.

No. 14,010. (78 Pac. 151.)

SYLLABUS BY THE COURT.

JURORS—*Preference for a Law Not a Disqualification.* One who is otherwise qualified is not disqualified as a juror because he is more in favor of the enforcement of the law that the appellant is charged with having violated than of any other law.

Appeal from Franklin district court ; CHARLES A. SMART, judge. Opinion filed October 8, 1904. Affirmed.

*C. C. Coleman*, attorney-general, *Walter Pleasant*, and *W. B. Pleasant*, for The State.

*Gamble & Costigan*, for appellant.

The opinion of the court was delivered by

GREENE, J. : The appellant was convicted of selling intoxicating liquors and maintaining a nuisance in violation of law. From this conviction he appeals.

The first alleged error is that the court overruled his challenge of juror Hart. This juror, on his *voir dire*, stated that he was more in favor of the enforcement of the prohibitory law than any other law, and for this reason appellant maintains his challenge should have been sustained. Every man has a standard of morality of his own, and he believes that the enforcement of laws which tend to establish and maintain his standard is of more consequence than the enforcement of other laws ; but all good citizens are in favor of the enforcement of all criminal laws. The degree of such desire is not a test of the qualification of one to act as a juror, if he is otherwise qualified. It was not error for the court to overrule appellant's peremptory challenge of juror Hart.

Another contention is that juror Diehl disqualified himself, and that the court erred in overruling the appellant's challenge of him. This juror stated that "the mere fact that a man was charged with a viola-tion of law created some presumption in his mind that the person charged was guilty, and that he would start into the trial with that presumption." In answer to interrogatories put to him by the court, after the full import of the question had been ex-plained to him, this juror showed that he did not want to be understood as stating that, simply because the appellant was charged with an offense, it was sufficient to, or did, create in his mind an opinion that the accused was guilty.

Errors are also predicated on certain questions asked the appellant's witnesses, on cross-examination,

about having seen Kelley and other persons about defendant's place in an intoxicated condition. These questions were all proper for the purpose of establishing the fact that the place kept by Kelley was one where intoxicating liquors were sold or given away and drunk in violation of law.

It is urged that the court erred in refusing to instruct the jury as follows:

"You are instructed that there is a presumption that clings to a person charged with crime, through every successive step of his trial, that he is innocent, and this presumption is never weakened, relaxed or destroyed until there is a judgment of conviction, and it is your duty, if possible, to reconcile the evidence with this presumption. The defendant is not required to prove his innocence. All that is demanded of him is to show such a state of facts as to create a reasonable doubt of his guilt."

This instruction is made up of language used by this court in *The State v. Child,* 40 Kan. 482, 20 Pac. 275. It was there used in explanation of section 228 of the criminal code, as applicable to the appellant's *alibi.* The trial court in that case treated such defense as it would new and affirmative matter pleaded in an answer in a civil action, and instructed the jury that the burden of proof was on the accused to prove the *alibi.* It was in denying the application of this rule to criminal cases that this court used the language embodied in the instruction requested by the appellant in this case.

It is not error for the trial court to refuse to give the reason for the application of the principle of law in a criminal case, or to refuse to enter into any explanation of the rule. Such practice might tend to confuse the jury, without being of any benefit to the defendant. In the present case the court twice stated

The State v. Kelley.

the rule contended for correctly, once in the following language :

"The defendant has entered a general plea of not guilty, and hence, before he can be convicted of the crime charged in any one of said counts, you must be satisfied from the evidence, beyond a reasonable doubt, of the truth of the charge in said counts contained, respectively, or some one of them."

One of the grounds relied on for a new trial was the misconduct of juror Crouse, which consisted of an alleged conversation by him, while a juror, with some unknown person. This was testified to by one J. W. Mann by way of affidavit, to which Crouse filed a counter-affidavit specifically denying any conversation. J. W. Mann was a witness, and was seen by the judge while on the witness-stand, and, in weighing his evidence against that of the juror, the court believed the statement of the juror and disbelieved the statement of Mann. Upon an examination of Mann's affidavit, and the circumstances related by him concerning this supposed conversation, we think the court was justified in its conclusion.

In support of the alleged misconduct of a juror, W. J. Costigan filed an affidavit in which he stated that one David Miller, a juror in said cause, had told him that "a fellow juror with said Miller on the trial of said cause, at said term, stated to said Miller that a neighbor of his informed him that, if he wanted to purchase any liquors or intoxicants, all he had to do was to go to the place of business kept by J. W. Kelley, the defendant in the above-entitled cause, in Ottawa, and ask for them, and the said Kelley would immediately procure said liquors for him." The facts thus stated were hearsay, and the court might wholly exclude them in passing upon the motion.

The judgment of the court below is affirmed.

All the Justices concurring.