[Criminal No. 422.  Filed May 8, 1918.]

[172 Pac. 658.]

## WILLIS AZBILL and HENRY AZBILL, Appellants, v. STATE, Respondent.

1. HOMICIDE—INDICTMENT AND INFORMATION—MEANS OR INSTRUMENT EMPLOYED — SUFFICIENCY OF ALLEGATIONS.—An indictment or information for murder is not bad in failing to describe the means employed to effect death.

   [As to form and sufficiency of indictment for murder, see note in 3 Am. St. Rep. 279.]

2. HOMICIDE—INDICTMENT AND INFORMATION—DESCRIPTION OF WOUNDS CAUSING DEATH—SUFFICIENCY.—An indictment or information for murder is not bad because it fails to describe the wounds causing death.

3. CRIMINAL LAW—APPEAL—INVITED ERROR—CROSS-EXAMINATION.—Defendants in a homicide trial cannot complain of a nonexpert witness giving his opinion as to the age of deceased from the appearance of the body, where such testimony was drawn from the witness on their own cross-examination.

4. CRIMINAL LAW—TRIAL—OBJECTIONS TO EVIDENCE—TIME.—An objection to evidence made after answer comes too late.

5. CRIMINAL LAW—APPEAL—HARMLESS ERROR—ADMISSION OF EVIDENCE —IDENTITY OF DECEASED.—Where a state's witness was asked whether he could tell the age of deceased from the appearance of the body, and answered that he was a young man, the answer was properly permitted to stand; the evidence that the body was that of a young man being uncontroverted.

6. CRIMINAL LAW—TRIAL—INSTRUCTIONS—"ALIBI"—"ELSEWHERE."—An "alibi" is evidence offered in rebuttal of the state's case, and literally means "elsewhere," and to be effective must show that the accused was at another place so far away or under such circumstances that he could not, with ordinary exertion, have reached the place of the crime in time to have participated in it, for, if accused is near the place and free to act, he, in contemplation of the law, is not "elsewhere."

APPEAL from a judgment of the Superior Court of the county of Coconino.  F. W. Perkins, Judge.  Affirmed.

Mr. F. Louis Zimmerman, for Appellants.

Mr. Wiley E. Jones, Attorney General, Mr. R. W. Kramer, Mr. Geo. W. Harben and Mr. L. B. Whitney, Assistant At-

torneys General, and Mr. C. B. Wilson, County Attorney, for the State.

ROSS, J.—The appellants assign as error the order overruling the demurrer to the information, for the reason it does not set forth the means or instrument used in inflicting the mortal blow, and does not describe the wounds. Whatever the rule in this regard may be in other jurisdictions, it is at rest here. The indictment or information is not bad in failing to describe the means employed to effect death, or in failing to describe the wounds causing death. *Molina* v. *Territory,* 12 Ariz. 14, 95 Pac. 102; *People* v. *Suesser,* 142 Cal. 354, 75 Pac. 1093. We early adopted the California criminal procedure and the construction placed thereon by that state's courts.

It is said the *corpus delicti* was not established; that it was not shown by the evidence that Henry O. Thomas, whom the appellants are charged with murdering, is dead, or that the human carcass found was identified as his remains, or, if identified, that death was caused by the criminal action of appellants. The evidence denies and puts to rout all of the propositions contained in this contention. Unerringly, it confirms the death of Henry O. Thomas, finds and identifies his dead body, and points the finger of guilt to the appellants. A recitation of the many facts and circumstances surrounding and enveloping the appellants, as a stone wall, would serve no useful purpose, and we will not, therefore, keep them alive in this opinion.

It is next contended that the court erred in permitting a nonexpert witness to give his opinion as to the age of the deceased from the appearance of the flesh and bones found. It is only necessary to state that this testimony was drawn from the witness upon cross-examination by the appellants.

Error is also assigned because it is said another witness, without proper qualification as an expert, was permitted to express his opinion as to the age of the deceased from an inspection of the remains. When the body was found, the flesh had been almost completely denuded from the waistline up, and was in an advanced state of decomposition from the waistline down; this difference being occasioned by reason of the fact that the lower parts of the body were under water, while the upper part was not. The witness, an undertaker of

15 years' experience in the business, in answer to the question whether he could tell from the appearance of the body, its age, said:

"I don't know that I could be considered an expert, but from the nature of the bones and the form of the body, etc., I should judge it was a young man."

After the answer, an objection was made, but no motion to strike. The answer was properly permitted to stand for at least two reasons: First, because the objection came too late, and no motion was made to strike; and, second, the uncontroverted evidence was that the body was that of a man from 20 to 25 years old.

The appellants complain of the following instruction:

"The court instructs the jury that the defense of an *alibi*, to be entitled to consideration, must be such as tends to show that at the very time of the commission of the crime charged, the accused were at another place so far away, or under such circumstances that they could not with ordinary exertion have reached the place where the crime was committed, so as to have participated in the commission thereof."

The criticism is that:

"Under this declaration of law, if the defendant were near the place and free to act, his *alibi* would not be entitled to consideration."

"*Alibi*," literally, means "elsewhere," and therefore, lack of opportunity because not present. If the accused were present or in close proximity or easy access, and the evidence so showed, the inability or impossibility of committing the crime would be refuted. While an *alibi* is frequently referred to as an independent defense, it is, in fact, evidence offered in rebuttal of the state's case. It is an effort to show defendant did not commit the crime because, at the time, he was in another place so far away, or in a situation preventing his doing the thing charged against him. The effect of the instruction is that before an *alibi* is entitled to consideration, the evidence must tend to show these things. If the defendant is "near the place and free to act," he, in contemplation of the law, is not "elsewhere," and evidence to that effect, whatever else it may do, does not tend to establish an *alibi*. 8 R. C. L. 124, § 94; *State* v. *Fenlason,* 78 Me. 495, 7 Atl. 385; *Barbe* v. *Territory,* 16 Okl. 562, 86 Pac. 61; *Peyton* v. *State,* 54 Neb. 188, 74 N. W. 597.

The other instructions as to conspiracy, possession of the fruits of crime and recently stolen property, of which complaint is made, correctly state the law, and are as favorable to the appellants as the facts would justify. The other points argued in appellants' brief are without merit, and some of them are without the record. For instance, complaint is made of misconduct of the officer in charge of the jury, and of the county attorney in his remarks to the jury, with nothing in the record to support the charges. The record discloses that the trial, a long and tedious one, was remarkably free from error, and that appellants' every legal right was well and cautiously protected.

The judgment of conviction is affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

As to evidence of *alibi* in prosecution for homicide in carrying out unlawful conspiracy, see note in 68 L. R. A. 222.