348 P.2d 919

**STATE of Arizona, Appellee,**

v.

**Erineo (Reno) DOMINGUEZ, Appellant.**

**No. 1145.**

Supreme Court of Arizona.

Feb. 3, 1960.

Wade Church, Atty. Gen., of Arizona, and Leslie C. Hardy, Chief Asst. Atty. Gen., Harry Ackerman, County Atty., Pima County and Fred R. Sands, Deputy County Atty., Tucson, for appellee.

Toby LaVetter, Tucson, for appellant.

JOHNSON, Justice.

Erineo (Reno) Dominguez, hereafter called defendant, was informed against for the crime of statutory rape alleged to have been accomplished with one Alice Espinoza, a female child of the age of eleven years. Defendant was tried before a jury, found guilty, and after judgment of conviction and sentence has prosecuted this appeal.

A summary of the evidence introduced at the trial reveals that the prosecutrix and her eight year old sister, on July 12, 1958, the day of the alleged offense, were employed as babysitters, in the home of the

defendant, taking care of his infant child. The defendant and his wife and another child left for the purpose of shopping at a downtown store. While at the store defendant informed his wife that he had left his wallet at home and would take the child and return home. Defendant did return to his home, left the older child in the living room of his home where the prosecutrix and her sister were and entered the bedroom and called the prosecutrix to come into the bedroom. Upon her refusal to enter the bedroom the defendant went into the living room, he being in the nude at that time and picked up the prosecutrix and carried her into the bedroom and closed the door. These facts were testified to by both the prosecutrix and her younger sister. The prosecutrix further testified that the defendant after carrying her into the bedroom, placed her on the bed and forcibly removed her shorts and underpants, after which he accomplished an act of intercourse upon her.

The wife of the defendant testified that after leaving her at the store he returned in approximately thirty minutes and after spending the afternoon swimming they returned to their home about six o'clock in the evening. That she then talked with the prosecutrix and her sister and that nothing unusual was mentioned. That frequently thereafter she observed the children around her home and the events alleged to have happened on July 12, 1958, were never mentioned.

Defendant testified in his own behalf and while he admitted that he returned to his home after leaving his wife at the store, he denied that he in any manner molested or touched the prosecutrix.

The record does not contain any evidence as to when the prosecutrix first made complaint of the alleged acts of the defendant, however, the record does indicate that a complaint was filed against the defendant on the 11th day of August, 1958, and of his arrest on the same day.

On appeal the defendant complains that the trial court erred in permitting the younger sister of the prosecutrix to testify and that a new trial should have been granted on the ground that the state failed to produce corroborating evidence of the alleged offense.

 The state offered the sister of the prosecutrix as a witness and objection was made on the ground that the child was only eight years of age and did not understand the proceedings. The trial judge then, very properly, examined the witness on *voir dire*. He was afforded the opportunity of not only listening to her responses, but also of observing her manner and demeanor while on the witness stand. She was questioned by the judge with relation to the meaning of the truth and the consequences of not telling the truth; and

it appears that she displayed such understanding as would warrant the conclusion that she knew the difference between truth and falsity. It is entirely within the discretion of the trial judge to determine the competency of the child to testify. Keefe v. State of Arizona, 50 Ariz. 293, 72 P.2d 425. The trial court's exercise of discretion cannot be reversed unless there is a clear abuse of such right. It is apparently the position of the defendant that the child is automatically disqualified because of her age. This court in the recent case of Litzkuhn v. Clark, 85 Ariz. 355, 339 P.2d 389, 392, in passing under the right of a six year old child to testify stated:

"* * * In other words, their competency to testify is to be determined, not by their age, but by the degree of their understanding and knowledge. It follows that the child's youthfulness was not, per se, sufficient to exclude her from the witness stand, as there is no arbitrary age limit under which the testimony of a child is automatically rejected. * * *"

We conclude in the instant case after reviewing the entire record that the testimony given by the sister of the prosecutrix was competent and the trial court did not err in permitting the jury to consider the same.

The defendant, while conceding that the rule is well established in this jurisdiction that a conviction for statutory rape may be had upon the uncorroborated testimony of the prosecutrix, Alvarado v. State of Arizona, 63 Ariz. 511, 164 P.2d 460, and State v. Merryman, 79 Ariz. 73, 283 P.2d 239, 241, contends that the evidence of the prosecutrix in the instant case is physically impossible and so incredible that no reasonable person could believe it.

 It becomes necessary for this court to examine the evidence to determine whether it is sufficient to sustain the verdict of the jury. As Justice Phelps said in the unanimous opinion of this court in State v. Merryman, supra:

"* * * it is the function of the jury to determine whether her story is physically impossible or so incredible that no reasonable man could believe it. * * *"

The jury in our present case heard the testimony of the eleven year old prosecutrix and her sister and had the opportunity of observing their attitude when testifying, together with the testimony of the defendant and came to the conclusion that the defendant was guilty of the offense charged. It is our duty to view this evidence in its strongest light in favor of the verdict and all reasonable inferences therefrom must be taken in the most unfavorable manner to the defendant. State v. Stephens, 66 Ariz. 219, 186 P.2d 346. We find no physical impossibility in the facts testified to by the prosecutrix and there is

no apparent falsity in her story. The finding of guilt by the jury is amply supported by the record.

Judgment affirmed.

STRUCKMEYER, C. J., and PHELPS, UDALL and BERNSTEIN, JJ., concur.