419 P.2d 337

**STATE of Arizona, Appellee,**

v.

**Herbert Otis BERRY, Appellant.**

No. 1661.

Supreme Court of Arizona.

In Banc.

Oct. 19, 1966.

Darrell F. Smith, Atty. Gen., and Gary K. Nelson, Asst. Atty. Gen., for appellee.

E. Coleman Gorman, Phoenix, for appellant.

BERNSTEIN, Vice Chief Justice.

The appellant, hereinafter referred to as defendant, was charged by Information with the molestation of a child under 15 years of age in violation of A.R.S. § 13–653. He was tried by jury in the Superior Court for Maricopa County and convicted.

The State's major witness, a six-year-old girl, testified that the defendant had urged her to enter a house trailer located on the premises of a family friend and there committed acts the jury found to be in violation of A.R.S. § 13–653 proscribing child molestation. Pursuant to a bill of particulars, the State fixed the time of the crime between 9:00 a. m. and 1:00 p. m. on Sunday, July 25, 1965. Subsequently the defendant filed a notice of intention to claim alibi, and at trial presented several witnesses who testified that they had been with the defendant on the above premises for several hours during the time period in question. The jury returned a verdict of guilty and after motions for new trial and in arrest of judgment were heard and denied, this appeal followed. The defendant's contentions on appeal are numerous and will be considered separately.

■ Rule 78 of the Arizona Rules of Criminal Procedure, 17 A.R.S., provides that an information may be filed against an individual for the purpose of charging him with a criminal offense. The defendant contends that this procedure is unconstitutional and for support cites the United States Constitution's Fifth Amendment guaranty of the right to an indictment by Grand Jury. Defendant argues that this right must be incorporated into the due process clause of the Fourteenth Amendment and applied to the states in a manner similar to the Fifth Amendment right against self-incrimination. See Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed. 2d 653. This issue, however, was decided to the contrary by the United States Supreme Court in Hurtado v. People of State of Cal., 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232, and we continue to agree with the holding of that case. See Fertig v. State, 14 Ariz. 540, 133 P. 99 and State v. McClendon, 101 Ariz. 285, 419 P.2d 69 (filed Oct. 14, 1966). Both the Indictment and Information procedures are aimed at providing a measure of security for the innocent by preventing hasty, malicious, and oppressive public trial before a probable cause is established. There is no essential difference between the two in the end result and nothing to indicate that the substitution of one for the other would constitute a denial of due process of law.

■ Defendant contends that the child molestation statute, A.R.S. § 13–653, is unconstitutional. His argument is based on the proposition that the statute is inherently vague and inexplicit. This court in State v. Menderson, 57 Ariz. 103, 111 P.2d 622, indicated that in order for a penal statute to be constitutional it must be sufficiently definite and certain to inform members of society what they may, and what they may not, legally do. If the statute is found to be indefinite and uncertain then it is in conflict with the "due process" clauses of both our Federal and State Constitutions and must be declared void.

To resolve the issue of "vagueness" it is necessary to interpret the statutory language employed by the Legislature. The language in question, therefore, is set out below:

> "Section 13–653. Molestation of a Child
> A person who molests a child under the age of fifteen years by fondling, playing with, or touching the private parts of such child or who causes a child under the age of fifteen years to fondle, play with, or touch the private parts of such person shall be guilty of a felony * * *."

The defendant claims that the words "molest", "fondle", "playing with", and "touching" are ambiguous at best, and that the absence of any mention of an intent or scienter element in the statute necessarily makes it applicable to such people as parents and doctors who might touch a child's private parts for other than condemning reasons. Due to considerations below we do not agree with the defendant's contentions.

The defendant would have us analyze each statutory word in its isolated form and in strict dictionary terms. In his brief, for instance, he discusses the dictionary definitions of the words "touching" and "playing" and concludes that, because the definitions do not include anything to suggest a wrongful act and because the definitions are extremely broad, the language of the statute "fails to satisfy due process." To determine the meaning of the statute one must obviously consider the objects of the verbs as well as the verbs themselves and it is then that the intention of the Legislature comes into focus. While the verb "to touch" has but a general meaning in the abstract it has a much more precise meaning when combined with the object "the private parts of another." Together, they define a specific act.

■■ It is more than a rule of statutory interpretation that statutes which are ambiguous in their language must be construed in view of the purposes they are intended to accomplish and the evils they are designed to remedy, City of Mesa v. Salt River Project Agr. Imp. and Power Dist., 92 Ariz. 91, 373 P.2d 722, it is also common sense. It is widely known that the subject of sex offenders, and particularly the protection of the young from improper advances, has in recent years engaged the close attention of the Legislature and of the general body of the citizens of this state. But one need not have this knowledge to determine from the reading of § 13–653 as a whole what the Legislature had in mind. It is the apparentness of the legislative purpose that distinguishes this statute from the one considered in Menderson, supra, a case which the defendant claims should be controlling in the case at hand.[1]

---

1. Menderson reviewed a statute prohibiting the discharge of employees on account of his or her affiliation with any organization or society. The fatal defect was a lack of standards by which the employer could guide his actions, the court pointing to the fact that it seemed to cover affiliations with Communist organizations as well as labor organizations in which case its coverage would be too broad. The fact that the real purpose behind the legislation in Menderson, namely to prevent discrimination against labor union members, was totally obscured in the statute distinguishes that case from the present one where the purpose of the statute is clear on its face.

The present case must also be distinguished from State v. Locks, 97 Ariz. 148, 397 P.2d 949, where the court held that § 13–532 prohibiting the production or possession of obscene items was too indefinite and uncertain to permit a conviction under its terms to stand. The court said that the fault with the statute was its failure to give any guidelines as to what was meant by "obscene". The court reasoned that if one does not know what is meant by this term then he cannot be expected to recognize the borderline between lawful and unlawful. We do not find this problem under the molestation statute presently under consideration. It proscribes certain easily recognized acts which combined with a necessary intent constitute a violation.

■■ The defendant emphasizes the fact that the statute does not expressly incorporate an element of scienter, again arguing that without considering the mind of the defendant the statute could convict innocent minded people. In the case of State v. Trenary, 79 Ariz. 351, 290 P.2d 250, the court in interpreting a child molesting statute incorporated in the 1939 Arizona Code (Sec. 43–5902) and citing People v. Pallares, 112 Cal.App.2d Supp. 895, 246 P.2d 173, said:

> "When the words annoy or molest are used in reference to offenses against children, there is a connotation of abnormal sexual motivation on the part of the offender. Although no specific intent is prescribed as an element of this particular offense, a reading of the section as a whole in the light of the evident purpose of this and similar legislation enacted in this State indicates that the acts forbidden are those motivated by an unnatural or abnormal sexual interest or intent with respect to children."

Thus, from both the word "molest" itself and the general intent of the Legislature as may be grasped from a reading of the statute as a whole, a scienter requirement is apparent. As we have said before, where a penal statute fails to expressly state a necessary element of intent or scienter, it may be implied. See State v. Krug, 96 Ariz. 225, 393 P.2d 916. In answer to defendant's contention, therefore, it is certainly possible for a doctor or parent to touch the private parts of a child without "molesting" him by doing so, in which case the statute has not been violated.

The defendant complains of error in the trial judge's refusal to give the jury an instruction concerning his alibi defense. Pursuant to Rule 192(B) Criminal Rules of Procedure, A.R.S. 17, the defendant gave timely notice of his intention to raise a defense of alibi and at trial he introduced several witnesses who testified that they had been with the defendant on July 25th between 10:30 a. m. and 12:30 p. m. These witnesses testified that they saw nothing "untowards" pertaining to the defendant and the victim during this time.

■■ As stated in the early case of Azbill v. State, 19 Ariz. 499, 172 P. 658, alibi literally means "elsewhere" and thus signifies a lack of opportunity to commit an act because not present at the place where the act was committed. It is an effort to show that the defendant could not possibly have committed the crime because at the time his position was such that it prevented his doing the thing charged. The defendant's efforts to establish an alibi defense in the present case fall short of the mark. Testimony of others accounts for only part of the time during which the crime was alleged to have been committed. The evidence shows that the remainder of the time, between 9:00 a. m. and 10:30 a. m., and between 12:30 p. m. and 1:00 p. m., the defendant was on the same premises as the victim and in easy access of the trailer where the act was alleged to have taken place. This court in Singh v. State, 35 Ariz. 432, 280 P. 672, 67 A.L.R. 129, said:

> "The propriety of any instruction upon alibi under the facts of the case may well be questioned. Before such an instruction can be asked or given, the evidence should show or tend to show

**314**

defendant was elsewhere when the crime charged against him was committed. Alibi is a physical circumstance and derives its entire potency as a defense from the fact that it involves the physical impossibility of the guilt of the accused. *An alibi which leaves it possible for the accused to be the guilty man is no* alibi at all \* \* \*." (Emphasis added.)

We find no error in the trial judge's refusal to grant the defendant's requested instruction.

 The defendant questions the qualification of the young victim as a witness, concluding that her testimony should have been stricken at trial. We have held that it is entirely within the discretion of the trial judge to determine if a child is qualified to. testify and that his decision will not be reversed unless there be a clear abuse of discretion. Davis v. Weber, 93 Ariz. 312, 380 P.2d 608; State v. Dominguez, 87 Ariz. 149, 348 P.2d 919. The record shows that the trial judge properly examined the witness before she was allowed to take the witness stand, and we find no error in his conclusion that she was competent to testify.

 Defendant next claims that there is a fatal variance between the charge as set forth in the Information as supplemented by a bill of particulars and the evidence as presented at trial. This variance argument is based primarily on the inconsistency of statements made by the victim in response to several leading questions as to the exact date that the defendant had allegedly abused her. The fact that the victim seemed somewhat unsure of the time of the assault might be considered by the jury as going to the credibility of her testimony, but we find that

it is insufficient grounds for declaring a fatal variance. The questions were posed at trial four months after the crime to a six-year-old girl that testified that she was not able to determine time on a clock nor dates on a calendar. That a jury might not pay much heed to counsel's vigorous attempts to extract an inconsistency in the witnesses' testimony by the use of such calendar dates with which she admittedly had no working knowledge does not seem unreasonable. If we were to find a fatal variance under such circumstances it would seem to behoove one who chooses to sexually assault children at the risk of irreparable psychological and physical damage to his victim, to make sure that the child is sufficiently young to be incapable of effectively testifying as to specific dates in the year and minutes on the clock. We recognize, rather, that it is for the jury to determine the truth of the witnesses' story, and that it is not the function of this court to retry that issue. See State v. Dominguez, supra.

 Finally, the defendant assigns as error the admission into evidence of testimony relating to the defendant forcing the victim to touch his private parts, claiming that this is an offense separate from that committed when he touched the victim's private parts. We find no error for this testimony was clearly admissible under the principle that evidence of a separate and distinct crime may be admitted if it tends to show a common scheme or plan. State v. DeVinney, 98 Ariz. 273, 403 P.2d 921.

Judgment affirmed.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD, and McFARLAND, JJ., concur.