BALES, C.J.,
joined by BRUTINEL, J., dissenting in part and concurring in the result.
¶ 51 Arizona, apparently alone among jurisdictions, has enacted criminal laws broadly stating that a person commits a felony merely by “intentionally or knowingly” touching the genitals or anus of a child or the bi’east of a female younger than fifteen, A.R.S. §§ 13-1401(3), -1404(A), -1410. The majority concludes that these statutes should be applied literally and therefore require no mental state beyond a person’s intentionally or knowingly touching a child’s “private parts.” Supra ¶17.
¶ 52 Parents and other caregivers who have changed an infant’s soiled diaper or bathed a toddler will be surprised to learn that they have committed a class 2 or 3 felony. They also will likely find little solace from the majority’s conclusion that although they are child molesters or sex abusers under Arizona law, they are afforded an “affirmative defense” if they can prove by a preponderance of the evidence that their touching “was not motivated by a sexual interest.” A.R.S. § 13-1407(E). Such a defense, as the majority notes, does not mean that a crime has not occurred, but instead that the miscreant may avoid “culpability” by persuading the factfinder that the “criminal conduct” should be excused. Supra ¶¶22, 25.
¶ 53 The majority’s interpretation, I believe, renders the statutes unconstitutional. No one thinks that the legislature really intended to criminalize every knowing or intentional act of touching a child in the prohibited areas. Reading the statutes as doing so creates a constitutional vagueness problem, as it would mean both that people do not have fair notice of what is actually prohibited and that the laws do not adequately constrain prose-cutorial discretion. See, e.g., United States v. Williams, 553 U.S. 285, 304, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008) (noting that a criminal statute is impermissibly vague if it does not “provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement”); Coates v. City of Cincinnati, 402 U.S. 611, 614, 616, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971) (holding ordinance that barred groups from conducting themselves in “annoying” manner on sidewalks was unconstitutionally vague for *312 discretion it allowed in enforcement); United States v. Reese, 92 U.S. 214, 220, 23 L.Ed. 563 (1875) (“Every man should be able to know with certainty when he is committing a crime.”).
¶ 54 The vagueness problem is not solved by the majority’s characterizing A.R.S. § 13-1407(E) as an affirmative defense. Doing so means that the state has shifted to the accused the burden of proving the absence of the very fact—sexual motivation—that distinguishes criminal from innocent conduct. Although states have discretion in assigning to defendants the burden of proving affirmative defenses, the Supreme Court has noted “there are obviously constitutional limits beyond which the States may not go in this regard.” Patterson v. New York, 432 U.S. 197, 209-10, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). That limit is passed here if the statutes are construed as criminalizing a broad swath of indisputably innocent conduct but assigning to defendants the burden of proving their conduct was not criminally motivated. See In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (holding that the Due Process Clause “protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged”).
¶ 65 Fifty years ago, we addressed a similar issue of statutory interpretation in State v. Berry, 101 Ariz. 310, 419 P.2d 337 (1966). There the statute provided that a person “molests a child,” and thereby commits a felony, “by fondling, playing with, or touching the private parts of a child[.]” Id. at 312, 419 P.2d at 339 (quoting A.R.S. § 13-653 (1966)). This statute was challenged as unconstitutionally vague because by its terms it might apply to “such people as parents and doctors who might touch a child’s private parts for other than condemning reasons.” Id. The Court refused to read the statute’s words literally or in isolation, and instead interpreted the statute in light of its intended purpose. Id. Noting that “where a penal statute fails to expressly state a necessary element of intent or scienter, it may be im-pliedlj]” the Court concluded that the offense required proof that the acts were motivated by an unnatural or abnormal sexual interest. Id. at 313, 419 P.2d 337; Cf. Staples v. United States, 511 U.S. 600, 614-15, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994) (interpreting federal firearms statute as impliedly including mens rea requirement when failing to do so “potentially would impose criminal sanctions on a class of persons whose mental state—ignorance of the characteristics of weapons in their possession—makes them actions entirely innocent”).
¶ 56 Although the majority correctly notes that the legislature has revised the pertinent statutes since our decision in Berry, I would interpret the existing statutes as requiring the state to prove that a defendant was “motivated by a sexual interest” to establish a violation of A.R.S. §§ 13-1404(A) or -1410. To avoid the constitutional vagueness and burden-shifting problems, I would construe the “defense” referenced in A.R.S. § 13-1407(E) as acknowledging a defendant may deny the implied element that the charged conduct was motivated by a sexual interest, rather than as referring to an affirmative defense. See A.R.S. § 13-103(B) (noting that affirmative defense does not include “any defense that either denies an element of the offense charged or denies responsibility, including alibi, misidentification or lack of intent”).
¶ 57 The majority opinion does not convincingly respond to these points. It first states that a “procedural hurdle” should deter us from considering whether its interpretation renders the statutes unconstitutionally vague. Supra ¶45. But Hollé clearly raised below and before this Court the issue whether due process allows the state to shift to defendants the burden of proving an absence of sexual motivation. In resolving that issue, which involves both statutory and constitutional interpretation, we are not limited to the arguments or legal authorities as identified by the parties. See Rubens v. Costello, 75 Ariz. 5, 9, 251 P.2d 306, 308 (1952). The reason is obvious: when we are interpreting statutes or the constitution, our obligation is to reach the correct conclusion, not merely to pick which party has better articulated a particular legal argument. See id.; Lyons v. State Board of Equalization, 209 Ariz. 497, *313 502 n.2, 104 P.3d 867, 872 n.2 (App. 2005) (courts are not “limited to the arguments made by the parties if that would [lead to] an incorrect result”) (citing Evenstad v. State, 178 Ariz. 578, 582, 875 P.2d 811, 815 (App. 1993)).
¶ 58 On the merits, the majority opinion is in tension both with itself and recent decisions of the United States Supreme Court. The majority argues that the statutes unambiguously make it a crime to knowingly or intentionally touch a child in the proscribed areas. Supra ¶¶16-18. But concluding, as does the majority, that a statute by its terms identifies a broad range of conduct does not resolve whether it is unconstitutionally vague. Cf. United States v. X-Citement Video Inc., 513 U.S. 64, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994) (refusing to adopt “most grammatical” reading of statute when doing so would criminalize a range of innocent behavior and thereby raise “serious constitutional doubts”). The issue instead is whether the statute gives notice of what is actually prohibited and sufficiently constrains prosecuto-rial discretion. See McDonnell v. United States, - U.S. -, 136 S.Ct. 2355, 2372-73, 195 L.Ed.2d 639 (2016) (refusing to adopt litei’al interpretation of “official acts” for purposes of federal bribery statute where doing so would raise “significant constitutional concerns” by bringing “normal political interaction” within sweep of criminal laws).
¶ 59 The majority undermines its own conclusion by observing that substantive due process would prevent applying the statutes to parents in certain situations. Supra ¶49, Whatever the contours of a parent’s substantive due process rights to “manage and care for” a child, id. they surely do not insulate a parent from criminal penalties for improper contact that is sexually motivated. Thus, the majority must instead be asserting that substantive due process may preclude applying the statutes to parents who do not act with a sexual motivation. That observation, however, merely underscores that if the statutes are read literally they do not identify the conduct they actually criminalize. Nor does it address the vagueness issue with respect to others, such as caregivers, who are not parents but may intentionally touch a child in the proscribed areas for reasons as benign as changing a diaper.
¶ 60 The majority also suggests that prosecutors will exercise their discretion so as not to “improperly” prosecute technical violations of §§ 13-1404 and 13-1410. Supra ¶45. But decisions by the United States Supreme Court clearly establish that unduly broad criminal prohibitions cannot be salvaged by assurances that prosecutors will wisely exercise them discretion. See McDonnell, 136 S.Ct. at 2372-73 (observing that “we cannot construe a criminal statute on the assumption that the Government will ‘use it responsibly’ ”) (quoting United States v. Stevens, 559 U.S. 460, 480, 130 S.Ct. 1577, 176 L.Ed.2d 435 (2010)).
¶ 61 My difference with the majority turns on a fundamental question: may the state, consistent with due process, sweepingly criminalize a broad range of conduct embracing both innocent and culpable behavior and assign to defendants the burden of proving them innocence? Because I believe the answer is no, I would follow Berry’s example and interpret §§ 13-1404 and 13-1410 as impliedly requiring the state to prove a defendant acted with a sexual motive. Accordingly, like the court of appeals, I would hold that the trial court erred in instructing the jury that lack of sexual motivation is an affirmative defense that Hollé had the burden of proving. On this point, I respectfully dissent from the majority’s contrary conclusion. Because I also agree with the court of appeals that the erroneous instruction was harmless beyond a reasonable doubt, I concur in the affirmance of Holle’s convictions and sentences.