(124 So. 123)

## BALLEW v. STATE.  (8 Div. 627.)

Court of Appeals of Alabama.   June 29, 1929.

Rehearing Denied Oct. 8, 1929.

D. Isbell, of Guntersville, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense of rape, and his punishment fixed at imprisonment in the penitentiary for a term of 10 years. Code 1923, § 5407.

The transcript here on appeal does not disclose an order of the court for a special venire, but, no question appearing to have been raised in the lower court about same, it is unnecessary that the transcript show such an order to have been made. Code 1923, § 3249; Cherry v. State, 214 Ala. 519, 108 So. 536.

The evidence in the case is of such a sordid nature that same will not be discussed.

There was no error in allowing the witness Willie Russell to testify that appellant "had intercourse" with her. Under the circumstances as detailed in her testimony, there was no doubt possible as to her meaning that he had "sexual intercourse" with her. State v. Bailly, 29 S. D. 588, 137 N. W. 352, 353.

We hold it is judicially known that the statement that a man has "sexual intercourse" with a woman carried with it, and as a part of it, the idea that there was a "penetration" of the private parts of the woman by the phallus of the man. Hence the suggestion of the trial judge, made during the examination of the witness Willie Russell, to the solicitor, "I expect you had better prove penetration," was as to a matter already covered by said witness' testimony, and unnecessary and superfluous. But, whether so or not, we are not persuaded that said suggestion constituted, or indicated to the jury, any improper assumption on the part of the said learned judge that "penetration" *could* be proven. It appears to us only a suggestion of one of the constituent elements of the offense charged which the trial court felt was about to be overlooked in the testimony, and the action of the court complained of merely served to indicate that degree of care that cases be intelligently presented, which every trial judge has a full discretion to exercise.

There was no error in any of the rulings by which the court permitted testimony as to all that took place in the little house where Willie Russell and her mother and others were from the time she testified appellant and two other men entered until they left. The whole sordid mess constituted the res gestæ of the offense charged, and testimony as to all parts of it was properly admitted.

The exceptions based upon rulings of the court permitting leading questions to be put to the witness are each without merit. Puckett v. State, 213 Ala. 383, 105 So. 211.

The trial court's excellent oral charge, in connection with the numerous written charges given at appellant's request, fully, fairly, and correctly covered every phase of the applicable law.

We have examined each of the written refused charges, and as to each of them find that, if same is correct and appropriate, the substance of said charge was fully given to the jury otherwise.

The evidence on behalf of the state tended to make out completely the offense charged against appellant. His testimony, and that of his witnesses, made an impressive defense of alibi. But we can find no error in the trial of the case, nor in the action of the trial court in overruling appellant's motion for a new trial. The judgment must be, and is, affirmed.

Affirmed