[Criminal No. 958. Filed December 10, 1945.]

[164 Pac. (2d) 460.]

JOSE M. ALVARADO, Appellant, v. STATE OF ARIZONA, Appellee.

Mr. Guy Axline, for Appellant.

Mr. John L. Sullivan, Attorney General and Mr. Earl Anderson, Assistant Attorney General, for Appellee.

LaPRADE, J.—The appellant was convicted of the crime of statutory rape alleged to have been committed upon his wife's sister, a girl of fourteen years of age. The testimony of the prosecutrix showed rape by violence with resistance. At the time of the alleged offense, the girl was living in the home of the appellant, hereinafter referred to as the defendant. This home consisted of a small, four-room dwelling in Winslow, Arizona. The prosecutrix testified that early one morning the defendant came to her bed where she was sleeping with two young daughters of defendant, aged eight and four years; that defendant came from his own bed in the next room where he left his wife; and that upon getting into bed with her he accomplished the act of

sexual intercourse by force and violence, against her will and without her consent. In this behalf, the verbatim testimony of the prosecutrix is as follows:

"Q. You tried to prevent him from doing it, did you? A. Yes.

"Q. What did you do to prevent him from doing what you say he did to you? . . . A. I kicked him because he held me by my hands. . . .

"Q. Did you call out for your sister or make any outcry when you say this was all taking place? A. No, because he held my hands and my mouth. . . .

"Q. You say the defendant was holding your hands and your mouth during the alleged commission of this act you have complained of, is that correct? A. Yes.

"Q. He wasn't holding your feet at the same time? A. No, because I was kicking him.

"Q. All the time? A. Yes. . . .

"Q. Now, while you were kicking in bed didn't you kick the other children who were in bed? A. No, because they were quite a distance in the same bed with me. . . .

"Q. How long would you say the defendant was there fighting with you on this bed. A. Just a little while."

Prosecutrix further testified that the children did not awaken; that she went back to sleep, got up the next morning about eight o'clock and went to school; that she did not tell her sister, defendant's wife, about the occurrence until some seventeen days later. The girl contradicted herself in that she stated that the occurrence referred to was the first and only time that she had had intercourse with the defendant, and later she testified that she had had intercourse with him on another occasion.

. By way of corroboration the State showed: First, that the defendant wrote, in English, and sent a note wrapped in a one-dollar bill to the prosecutrix. This note was written *prior* to the alleged offense and read as follows:

"Dear little Sweet pacis hullo pleaes Don't let me down I am fallen in Love for you and you know how my heart fell look like sombody put some nif in my heart and I want now what you go to do with me I wish you can tell me it thruth."

Second, the defendant, while incarcerated, addressed a letter to his mother-in-law, who was instrumental in instigating the prosecution. The incriminating portions of this letter, if they may be termed as such, read as follows:

"My dear and appreciable Mother-in-law: I write this to ask you not to be so hard hearted. You should let Lucy (defendant's wife) come to see me. . . . Your Son-in-law departs, Loving you a lot, Jose H. Alvarado."

Third, certain statements of the defendant were admitted in evidence. One officer testified as follows:

"A. He said he told his wife if this girl was pregnant she should take her away and let her have the baby and then come back and rear her in the home with them.

"Q. He admitted telling his wife . that? A. Yes. . . .

"A. He said he told his wife he had had intercourse with the girl but was drunk at the time."

The defendant at the time of his arrest, at the time of his arraignment, and at the trial that resulted in his conviction, stoutly denied that he had ever had sexual intercourse with the prosecutrix. The only incriminating statements made by defendant are those set forth above, which were testified by several witnesses. The defendant denied making these statements. It should also be noted that at the time of defendant's arrest and at the time he is charged with making the foregoing statements he requested that the girl be examined by a doctor. With reference to this request he was asked:

"Q. And if the doctor should say that somebody had had sexual intercourse with the girl, would you then admit you are guilty? A. No. . . .

"Q. . . . Then why did you want her examined then?
A. Because I am sure that I haven't had anything to do with her."

■ Disregarding the fact that the girl had testified that the alleged act had been accomplished by force and violence, the court gave the following instruction:

"Gentlemen of the Jury, there is no question of force or violence involved in this case. A girl under the age of eighteen years is made by law wholly incapable of giving any legal consent to sexual intercourse. There appears to have been no violence used in this case, and if the sexual act occurred, Torivia Lopez was entirely willing that it should occur. That makes no difference, however, to the question of whether the defendant is guilty of the offense charged."

The giving of this instruction is assigned as error. It patently appears that this instruction is a misstatement of and a comment on the evidence in violation of our constitutional provision, the applicable portion of which reads as follows:

Art. 6, Sec. 12. "Judges shall not charge juries with respect to matters of fact nor comment thereon, but shall declare the law. . . . "

■ While it is true that in a prosecution for statutory rape it is wholly immaterial whether the prosecutrix consents or does not consent or whether the act is accomplished with or without force, it is still all essential to determine whether the act of sexual intercourse actually occurred. In the absence of eyewitnesses to the act, if the jury is to be convinced that the act occurred, such conviction must arise from the evidence, attendant circumstances, and corroborative facts, if any. In most cases the jury must rely on the story of the prosecutrix. If she says the act occurred with her consent and is believed, a conviction may be had. Likewise, if she says that she resisted and the act of intercourse was accomplished by the use of force

and violence and is believed, a conviction for statutory rape is proper. In the absence of independent evidence satisfactorily establishing the occurrence of the act other than the story of the prosecutrix, the jury is compelled to rely upon her evidence. The question is: Did it happen as *she says it did,* or did it happen in some other manner within the realm of speculation? If there is present no independent evidence establishing the commission of the act, or facts or circumstances from which it can be inferred, it is difficult to understand how an honest juror could be convinced beyond a reasonable doubt of defendant's guilt at a time when he is saying to himself, "I disbelieve her whole story about resisting and about the use of force. I believe she readily consented." The trial judge, by giving the instruction complained of, completely relieved the jury of any such mental predicament or quandary. We are not unmindful of the fact that it is the sole province of the jury to determine the credibility of the witnesses and to evaluate the weight to be given to their testimony, but this instruction deprived the defendant of that portion of the prosecutrix' testimony which, if not inherently impossible, was more than likely improbable.

The all-important issue before the jury was: Did the defendant have sexual intercourse with the prosecutrix? The jury had to rely chiefly upon the story related by the prosecutrix; the defendant denied the charge. The prosecutrix and the defendant were the only persons present at the time and place of the alleged offense, other than the two sleeping children and the wife in the adjoining room. The defendant's guilt is bottomed on the credibility of the prosecutrix. It is the firmly established rule in this jurisdiction that a conviction for statutory rape may be had upon the uncorroborated testimony of the prosecutrix unless her story is physically impossible, not reasonably consis-

tent, or so inherently impossible or improbable to a degree that makes it incredible to the ordinary man. *Reidhead* v. *State,* 31 Ariz. 70, 250 Pac. 366; *Zavala* v. *State,* 39 Ariz. 123, 4 Pac. (2d) 390; *State* v. *Pollock,* 57 Ariz. 415, 114 Pac. (2d) 249. It is for this reason that the story of the prosecutrix must stand the acid test of inquiry *by the jury.* That such should be the rule is aptly set forth in the case of *People* v. *Baldwin,* 117 Cal. 244, 49 Pac. 186, 187, in the following language:

"It will be sufficient to say, in a general way, that in a case of this character the very widest latitude compatible with our somewhat technical and restricted rules of evidence should be allowed the defendant in his cross-examination of the witnesses of the people. More especially is this true with reference to the prosecuting witness, and those who, by reason of blood or other circumstance, may be charged with a deep interest in the case. In this class of prosecutions, the defendant, owing ·to natural instincts and laudable sentiments on the part of the jury, and the usual circumstances of isolation of the parties involved at the commission of the offense, is, as a rule, so disproportionately at the mercy of the prosecutrix's evidence that he should be given the full measure of every legal right in an endeavor to maintain his innocence. We think the rulings of the learned judge of the court below in the instances noted, and one or two others observed in the record, transgressed the defendant's rights in this respect."

This case is cited with approval in *Fuller* v. *State,* 23 Ariz. 489, 205 Pac. 324. See also *People* v. *Benson,* 6 Cal. 221, 65 Am. Dec. 506; *People* v. *Degnen,* 70 Cal. App. 567, 234 Pac. 129.; *People* v. *Biescar,* 97 Cal. App. 205, 275 Pac. 851; *People* v. *Higgins,* 18 Cal. App. (2d) 595, 64 Pac. (2d) 454. We pointed out in the Fuller case, *supra* [23 Ariz. 489, 205 Pac. 326], that:

"An attack upon the credibility of his accuser, to break the force of the incriminating evidence by show-

ing that it came from a questionable or unreliable source, was his best defense."

So in the instant case the defendant's best defense was the improbability of the act's taking place as related by the prosecutrix. The inherent weakness of the story of the prosecutrix as to the manner of the accomplishment of the act and its palpable improbability was wiped out by the instruction of the court. That such a situation should not arise is recognized in the case of *Taylor* v. *State* 55 Ariz. 29, 97 Pac. (2d) 927, 930. It was there said:

"The second proposition is that the judge should not comment on the weight of the evidence nor should he assume as proved facts on which there is conflicting evidence or advise the jury that certain material evidence or a legal theory of the defense is irrelevant and immaterial. These statements are correct as abstract propositions of law but no substantial departure from them is found in the instructions After informing the jury that the rape charged in this case is known as statutory or constructive rape, and that it is so designated because the element of force which can be proved in the case of ordinary rape has no application where the girl is under the age of consent, the court advised it further that it is the policy of the law 'that any female under the age of 18 years is in law incapable of consenting to an act of sexual intercourse, and anyone having sexual intercourse with her, she not being then and there his wife, is guilty of the crime of rape, notwithstanding the fact that he may have obtained her actual consent, because it is immaterial in this case whether the girl in fact consented or not.' By this instruction the appellant claims that the court directed the jury to disregard his theory of defense in that it told that body that the element of force has no application and that it is immaterial whether she does or does not consent when the girl is under the age of consent. This instruction correctly states the law, for the crime of statutory rape, as distinguished from ordinary rape, is committed when a girl under the age of eighteen years not the wife of the perpetrator has sexual intercourse with a man, and it is wholly immaterial whether

she consents or does not consent or whether the act is accomplished with or without force. Appellant does not deny this but contends that the testimony of the prosecuting witness indicates that the act was accomplished without her consent and, this being true, that the jury had a right to consider the fact that she told no one for three weeks as bearing upon the credibility of her testimony as to the manner in which appellant committed the act and consequently weaken her statement that he committed it at all, since the making of seasonable complaint would corroborate or tend to support her testimony that it was accomplished without her consent, while the failure to complain might lead one to regard it differently. The purpose of the instruction was to make it clear to the jury that neither force nor lack of consent was a necessary element of statutory rape, and we are unable to see wherein the instruction to this effect interfered with appellant's right to argue to the jury the effect of her failure to complain or of the jury's right to consider it in determining the weight to be given her testimony. In fact appellant's counsel stressed her failure in this respect in his argument to the jury.

"And besides, it is not entirely clear from the testimony of the prosecutrix that the act was wholly without her consent, though the evidence is such that one is more or less led to this view. If, however, appellant felt this to be the effect of her statements and that it rendered the rule he contends for applicable, he should have requested an instruction embodying it, otherwise he cannot complain."

At this time we are at a loss to find any justification for that portion of the last paragraph above quoted which reads:

" . . . though the evidence is such that one is more or less led to this view. . . . " (See the recitation of the facts in the opinion.)

In any event prosecutrix in the Taylor case did not testify to any force or violence or active resistance.

It will be noted above in the Taylor case that we pointed out that "the purpose of the instruction was

to make it clear to the jury that neither force nor lack of consent was a necessary element of statutory rape . . . ." Here is the vital distinction between the instruction in the Taylor case and the one complained of in the instant case. It was undoubtedly the unexpressed intention of the trial judge in this instruction to point out to the jury that neither force nor lack of consent was a necessary element of statutory rape. This the judge expressly and effectively did in other instructions. In the instruction complained of the judge, contrary to the evidence, told the jury that there was no force nor violence involved in the case, and that if the sexual act occurred the prosecutrix was entirely willing that it should occur. The judge undoubtedly had come to the conclusion that the story of the prosecutrix about fighting and kicking in the bed without awakening the other two children, if not inherently impossible, was more than likely improbable, for he specifically said:

" . . . There is no question of force or violence involved in this case. . . . There appears to have been no violence used in this case, and if the sexual act occurred, Torivia Lopez was entirely willing that it should occur. . . . "

By this instruction the judge submitted to the jury the exclusive privilege of finding the *corpus delicti* but furnished them with *his opinion that if the sexual act occurred the prosecutrix was entirely willing that it should occur*. This was the situation in the case of People v. Baldwin, *supra*. There the prosecution was on a charge of statutory rape. A girl nine years of age testified that the defendant, an adult man, had intercourse with her while she was standing in the middle of the floor and he was "kneeling down." The defendant offered to prove by a physician that it would have been physically impossible for a man to commit the act complained of or produce the conditions found on the per-

son of the child in the manner and under the circumstances described by her. This evidence was excluded, and on appeal the supreme court held that the evidence was both relevant and material and that its exclusion was error. The conviction was for assault with intent to commit rape, being an included offense. The trial judge undoubtedly disbelieved the story of the prosecutrix or thought that it was improbable. In any event he gave the following instruction:

" . . . I will say here, however, that I do not think, after careful consideration that, upon the evidence in this case, there could be a conviction of an attempt. If gentlemen, the evidence satisfies you that an attempt was ever made, it must as well satisfy you that it was accomplished. . . . "

With reference to this instruction the supreme court said:

" . . . It is unnecessary to determine whether, under the evidence in this case, this feature of the charge constituted prejudicial error. But that it was a clear transgression of the constitutional inhibition against charging juries on questions of fact, and as such was erroneous, is obvious. Such suggestions, whatever the state of the evidence, are always dangerous, and should not be indulged in. . . . "

In a prosecution for statutory rape accomplished by force, evidence of prosecutrix's consent is admissible for impeachment as to the manner in which the act was accomplished and whether the crime was committed at all. This is forcefully pointed out in the case of *People* v. *Pantages,* 212 Cal. 237, 297 Pac. 890, 903.

"The relevancy of whether in the instant case the prosecutrix consented to the accomplishment of the act for which defendant herein went to trial in the lower court has hereinbefore received some attention. It is well settled that on the trial of a so-called 'statutory' rape case, ordinarily the consent of the prosecutrix is not an issue; but, as was decided by the Su-

preme Court in its order denying a hearing therein in the case of *People* v. *Jones,* 76 Cal. App. 144, 157, 244 Pac. 101, 106, where the prosecutrix, although under the age of eighteen years, testifies that the rape of her person was accomplished by force or violence exerted upon her by the defendant, evidence of consent becomes admissible not only for the purpose of 'impeachment as to the manner in which the act was accomplished,' but also for the purpose of laying a foundation 'for impeachment as to whether the crime was committed at all.' It would follow that, at least as far as concerns 'impeachment' in those respects to which attention has been particularly directed, it is not true, as stated in the instruction, that whether the prosecutrix 'consented' to the accomplishment of the alleged act of which defendant was accused was 'wholly immaterial'; and at least to that extent, the instruction in question was erroneous and prejudicial.''

■ The reasoning in the case of *Coplin* v. *People,* 67 Colo. 17, 185 Pac. 254, is applicable in the instant case. The charge in the Coplin case was for statutory rape. The evidence showed that the act had been accomplished by violence with resistence. The prosecutrix did not report the offense for a considerable length of time. The court instructed the jury that such failure to report could not be taken into consideration by them in determining the question of the defendant's guilt or innocence. In this behalf the court said:

''In cases of rape by violence, whether and how soon there was outcry or complaint of the crime by the woman has been regarded as relevant from time immemorial; because, like previous contradictory statements, it tends to discredit her present testimony. Deut. 22, 23 to 27; Wig. Ev. § 1134; *Donaldson* v. *People,* 33 Colo. 333, 80 Pac. 906; *Bueno* v. *People,* 1 Colo. App. 232, 28 Pac. 248.

''In cases of rape with consent—i. e., statutory rape, so called—since the probability is that the woman would not complain, the evidence loses its force and is regarded as irrelevant. *State* v. *Birchard,* 35 Or. 484, 491, 492, 59 Pac. 468; *People* v. *Lee,* 119 Cal. 84, 51 Pac.

22.  See, also, *Honselman v. People*, 168 Ill. 172, 48 N. E.
304; *Johnson* v. *State*, 27 Neb. 687, 43 N. W. 425.

''But where, as in this case, the crime was by vio-
lence and there was no evidence or claim of consent,
the reason for the rule rejecting the testimony fails,
while that for admitting it applies with full force, and
it was error to take it from the jury.  Its weight was
for the jury to consider, taking into consideration the
youth of the prosecutrix and all other circumstances of
the case.''

It is suggested that in view of the declarations of the
defendant, even though not a direct admission or con-
fession of guilt, the conviction should be affirmed un-
der that provision of our Constitution which provides
that '' . . . No cause shall be reversed for technical
error in pleading or proceedings when upon the whole
case it shall appear that substantial justice has been
done.'' Section 22, Article 6.  We are entirely conscious
of the wholesome direction contained in this constitu-
tional mandate and have never had and will not have
any compunction in giving it full force and effect where
error has been committed of no material character.
We feel that the error in the instant case was sub-
stantial and of real consequence, and that it deprived
the accused of a substantial right.  We have held that
an erroneous instruction on an issue unsupported by
evidence is harmless, *Campbell* v. *Territory,* 14 Ariz.
109, 125 Pac. 717, but we have never held that an in-
struction misstating and commenting upon the weight
of the evidence, which is the crux of the case, consti-
tutes harmless error.

██  In view of the fact that we are ordering a
new trial we will dispose of the other assignments of
error briefly as follows:.

(1)  The contention of the appellant that the evidence
is not sufficient to sustain the verdict of guilty is with-
out merit.  (Under proper instructions.)

(2) As far as the record discloses it appears that the purported statements made by the defendant were made voluntarily and there was no legal reason why they should be excluded.

(3) The contention of the defendant that the evidence should affirmatively show that the prosecutrix knew and understood the meaning of the term "sexual intercourse" is without merit. *Ballew* v. *State*, 23 Ala. App. 274, 124 So. 123; *People* v. *Branch*, 77 Cal. App. 384, 246 Pac. 811. If it should appear to the defendant that the prosecutrix by reason of her age or lack of intelligence and carnal-mindedness did not understand the meaning of the term, ample opportunity will be afforded him on cross-examination to test the knowledge of the witness.

For the reasons given, the judgment is reversed and the cause remanded for a new trial.

STANFORD, C. J., and MORGAN, J. concur.