# SIDNEY J. MAGISTAD v. C. M. POTTER AND OTHERS. CHICAGO & NORTH WESTERN RAILWAY COMPANY AND L. E. PETERSON, APPELLANTS.[1]

February 18, 1949.

Nos. 34,670, 34,671, 34,672.

[1]Reported in 36 N. W. (2d) 400.

*Alfred E. Rietz, Lowell Hastings,* and *Warren Newcome,* for appellants Chicago & North Western Railway Company and L. E. Peterson.

*Herbert F. Horner* and *Stanley V. Shanedling,* for appellant C. M. Potter, *d. b. a.* Potter Grain and Fuel Company.

*Fred A. Ossanna, Irving H. Green,* and *Charles T. Hvass,* for respondent.

PER CURIAM.

In this action for personal injuries, separate verdicts of $45,000 each were rendered in favor of plaintiff against the defendants Chicago & North Western Railway Company, L. E. Peterson, and C. M. Potter, individually and as sole trader as the Potter Grain and Fuel Company. The case is here on separate appeals denying their motions for judgment notwithstanding the verdicts or a new trial.

Error is assigned on misconduct of counsel for plaintiff in his argument to the jury. Since this court takes the view that a new trial must be granted on that ground, we refrain from passing upon the motions for judgment for the reason that the issues of fact are such that there may be further evidence introduced on another trial which may affect the question of recovery on the merits. 3 Dunnell, Dig. & Supp. § 5082, and cases cited under note 8.

Exceptions to counsel's remarks to the jury were neither taken at the time they were made nor at the close of his argument, as permitted by the district court rule, but only after the court had charged the jury. However, we regard the argument as so prejudicial and so calculated to excite prejudice and passion that the trial court, of its own motion, should have taken action upon it. The accusations of perjury against plaintiff's witnesses by defendants' counsel were not sufficient provocation to justify the misconduct.

The court did not take action. Consequently there must be a new trial.

Orders reversed.

PETERSON, JUSTICE (dissenting).

I dissent upon the authority of Eilola v. Oliver I. Min. Co. 201 Minn. 77, 275 N. W. 408.

MR. JUSTICE THOMAS GALLAGHER took no part in the consideration or decision of this case.