428 P.2d 672

STATE of Arizona, Appellant,

v.

Alma Jean ANDERSON, Appellee.

No. 1685.

Supreme Court of Arizona.

In Division.

June 8, 1967.

Rehearing Denied July 11, 1967.

Darrell F. Smith, Atty. Gen., and Harold A. Beelar, County Atty., Gila County, for appellant.

Cavness, DeRose, Senner & Foster, by John W. Rood, Globe and Phoenix, for appellee.

UDALL, Justice.

The defendant Alma Jean Anderson was charged with murder in the first degree. During the trial of that charge, at the close of the evidence defense counsel moved for the exclusion of instructions on murder in the first and second degree for the reason that the record failed to show the presence of malice aforethought. That motion was denied.

■ The jury received instructions on murder in the first degree, murder in the second degree and manslaughter. The jury returned a verdict of guilty of the charge of manslaughter. On the date set for sentencing, counsel for the defense moved for a new trial. The court granted the motion on the grounds that it was error as a matter of law for the trial judge to give instructions on murder in the first degree and for the further reason that it was reversible error for the County Attorney in closing argument to argue that the jury should place themselves in the position of the appellee. From this determination by the trial court the State has appealed. The case is before

this court because the information charged murder in the first degree and is therefore reviewable directly in the Supreme Court, A.R.S. § 12–120.21, State v. Mileham, 1 Ariz.App. 67, 399 P.2d 688.

The facts out of which the criminal charges arose were as follows: On May 1, 1965, at approximately 8:00 p. m., the husband of the defendant arrived at their home in an intoxicated condition. He proceeded to the bathroom where his wife was dressing to leave for an evening of bowling. The husband demanded to know where the defendant was going. A quarrel ensued during which the husband struck the defendant several times, knocking her to the floor. At this time defendant shouted, "Don't hit me again." She then called to the baby sitter, also present in the house, asking her to summon the police. The baby sitter left and went to a neighbor's house to telephone the Sheriff's Department. The husband then left the house by the front door. The defendant then ran to a bedroom closet, secured a 30–30 rifle and loaded it. Then the defendant went into the living room and sat on the couch. Her husband stepped into the house through the living room door. As the deceased moved toward the defendant she picked up the gun and discharged it. A bullet fired from the gun struck the deceased in the lower abdomen and rendered him unconscious. Defendant then telephoned the operator and requested police assistance and an ambulance, telephoned the family doctor to request his presence at the hospital, and telephoned a friend to ask her if she would care for the defendant's son. The husband died in Gila County General Hospital that same evening.

The state argues that it was an abuse of discretion for the trial court to grant the motion for a new trial basing its order on the finding that it was error as a matter of law to instruct the jury on murder in the first degree.

■ We find the applicable law on this point to be that if the evidence in the present case is sufficient to support some theory

of the case by which the jury might have found the appellee guilty of murder in the first degree, the instruction was properly given. State v. Singleton, 66 Ariz. 49, 182 P.2d 920.

██ The State presented the theory that the defendant formed an intention to kill her husband and acted upon that intention with premeditation and deliberation. To support its case the State offered evidence to show the anger of the defendant at being struck by the deceased coupled with evidence that he had struck her on previous occasions; her conduct in rushing to a bedroom closet to secure a 30–30 rifle; the deliberate loading of that weapon and proceeding to the living room where she sat in wait for her husband to re-enter the house, at which time she shot him. The evidence demonstrates sufficient opportunity for premeditation and deliberation.

██ Granted the defendant took the witness stand to dispute the State's theory; however, the jury is the sole judge of the credibility of witness' testimony and need not accept the defendant's contested narrative of the events of that evening or her mental state at that time. Alvarado v. State, 63 Ariz. 511, 164 P.2d 460.

██ If it appears on an examination of the record that no mistake of law or fact occurred in the trial and that the evidence fully sustains the conviction, it is an abuse of discretion to grant a new trial. State v. Chase, 78 Ariz. 240, 278 P.2d 423. The trial court here did not grant a new trial for the reason that the evidence was insufficient to support the jury verdict of manslaughter, but instead partly because it felt that the instruction on first degree murder was not substantiated by the evidence. We feel that clearly it was proper as a matter of law to instruct the jury on murder in the first degree, for the State, we find, presented evidence of a validly equivocal set of circumstances from which murder in the first degree could justifiably be found. Therefore it is our determination that the trial court abused its discretion in granting a new trial on the basis of its erroneous

conclusion as to the propriety of the first degree murder instruction.

██ The State further argues that it was an abuse of discretion to grant the motion for a new trial based on its conclusion that it was reversible error for the County Attorney to argue to the jury that they should place themselves in the position of the defendant and determine what they would have done under the circumstances.

The defendant's conduct it is argued was excusable by the theory of self-defense. On this issue the trial court instructed the jury as follows:

"In determining whether the defendant acted in necessary self-defense or what appeared to be her necessary self-defense, it is your duty to look at the transaction from what you believe from the evidence was the standpoint of the defendant as a reasonable person at the time, and consider the same in the light of the facts and circumstances as you believed they appeared to the defendant as a reasonable person at the time * * *."

Such instruction was proper. State v. Barker, 94 Ariz. 383, 385 P.2d 516.

██ The County Attorney's argument restates the court's instruction and attempts to combine this direction with the state's theory of the case. In light of the proper instruction we find that the argument did not, as counsel for the defense contends, prejudicially mislead the jury as to the applicable directives in determining the case. Therefore the trial court should not have granted the motion for a new trial because of the alleged improper argument of the County Attorney.

While the preceding portion of this opinion has dealt with the grounds for the granting of the motion for a new trial, another issue is inherent in the facts of this cause making its exploration requisite to a determination of the complete matter.

██ The trial record reveals that the defendant was interrogated by law enforcement officers without being informed of her constitutional right to remain silent.

While Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 was not yet decided at the time of the trial of the instant case, and while Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 held that Miranda was not to be applied retroactively, the discussions of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, in the Miranda opinion were explanatory of the meaning of Escobedo and so are binding in this matter as is the Escobedo opinion itself, by virtue of its having been decided prior to the trial of this case. State v. Intogna, 101 Ariz. 275, 419 P.2d 59.

In referring to Escobedo the U. S. Supreme Court in Miranda stated:

"Our holding there stressed the fact that the police had not advised the defendant of his constitutional privilege to remain silent at the outset of the interrogation, and we drew attention to that fact at several points in the decision, 378 U.S., at 483, 485, 491, 84 S.Ct. at 1761, 1762, 1765. This was no isolated factor, but an essential ingredient in our decision. The entire thrust of police interrogation there, as in all the cases today, was to put the defendant in such an emotional state as to impair his capacity for rational judgment. The abdication of the constitutional privilege—the choice on his part to speak to the police—was not made knowingly or competently because of the failure to apprise him of his rights * * *" 384 U.S. at 465, 86 S.Ct. at 1623.

In the instant case the defendant was interrogated in her home by a deputy sheriff. It would be a misconstruction of the facts to contend that the defendant would have been free to leave, for she was the obvious suspect in an apparent murder which the sheriff's department was investigating. For this reason we must determine that it was imperative for the law enforcement officers involved to inform tthe defendant of her constitutional right to remain silent pursuant to the privilege against self-incrimination.

However the defendant was not informed that she could choose to remain silent; the interrogation proceeded without this advice and the defendant explained to the deputy what had transpired in her home that evening. At the trial the State offered in evidence the conversation between the deputy sheriff and the defendant.

Defense counsel objected to such evidence and moved the court to exclude any such evidence for the reason that the defendant was not advised by the deputy of her constitutional right against self-incrimination and that use might be made of any of her statements in a subsequent trial. The court denied the defense motion for exclusion. We find that the trial court erred in so doing. Further the error in the admission of the statement of the defendant would have necessitated a new trial had that issue been raised on appeal. Instead, the case is here by virtue of the State's appeal of the trial court's order granting a new trial; this being the case we will affirm the order of the trial court for the reason that the error in the admission of evidence necessitates a new trial.

Affirmed.

McFARLAND, V. C. J., and STRUCK-MEYER, J., concur.