487 P.2d 385

**The STATE of Arizona, Appellee,**

v.

**William GILREATH, Appellant.**

**No. 1609–2.**

Supreme Court of Arizona,
In Banc.
July 28, 1971.

Rehearing Denied Sept. 17, 1971.

Gary K. Nelson, Atty. Gen. by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

David M. Lurie, Phoenix, for appellant.

STRUCKMEYER, Chief Justice.

William Gilreath was convicted by a jury in Maricopa County Superior Court on March 10, 1965, of first degree murder in the death of his estranged wife who was stabbed during an altercation. The conviction was reviewed by this Court and affirmed on January 12, 1966. *See* State v. Gilreath, 100 Ariz. 5, 409 P.2d 713. In that appeal, court appointed counsel was unable to find grounds on which an appeal could be based and so was permitted to submit the appeal on the record. The record was reviewed, and the court, finding no error, affirmed the conviction.

Subsequently, the U. S. Supreme Court decided Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which the court outlined the procedure counsel must follow when he has examined a criminal trial record and finds no merit to the appeal. Anders requires that, among other things, an attorney must submit a brief referring to anything in the record that might arguably support the appeal. Since no such brief was originally

submitted, thus denying the defendant the constitutional right of the assistance of an advocate, we agreed to a re-opening of the appeal. The judgment of conviction is again affirmed.

Gilreath argues first that the lower court erred in admitting into evidence the admissions of the defendant made to the police at the second and third interrogation sessions where he was not clearly informed of his right to remain silent, even though he was so warned prior to the first interrogation session.

On this appeal, only the constitutional requirements of Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, are applicable, since the decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, was after this case was finally determined on appeal. Miranda is not retroactive, Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. However, the explanations of Escobedo as laid down in Miranda are applicable, State v. Anderson, 102 Ariz. 295, 428 P.2d 672 at 675. The principle enunciated in Escobedo with which we are here concerned is that which requires the police to inform the accused of his absolute right to remain silent in the face of an accusation.

In the instant case, the defendant was interrogated on three occasions: (1) December 13, 1964, at 2:30 a. m., (2) some time in the afternoon of the same day, and (3) on December 14, 1964, at 1:15 p. m. At the first interrogation, he was advised of his right to remain silent, but on the subsequent interrogations he was not so advised. Thus, the issue is: Must an accused be advised of his constitutional rights at subsequent interrogation sessions as well as the first? We are of the view that he need not be, at least if the time between interrogations is not unduly extensive. "Once a defendant is fully and fairly apprised of his rights, there is no requirement that warnings be repeated each time that questioning is commenced." State v. Quinones, 105 Ariz. 380 at 382, 465 P.2d 360 at 362 and citations. Here, the defendant was in custody on a charge of murder from the time of his first interrogation. The subsequent interrogations took place some twelve and thirty-six hours, respectively, after the first interrogation. Further warnings were not required, lacking circumstances which might alert the officers that an accused may not be fully aware of his rights. In State v. Magee, 52 N.J. 352, 245 A.2d 339, the second interrogation took place two and one-half days after the first interrogation at which the warnings were given, and in Tucker v. United States, 375 F.2d 363 (8th Cir.) the second interrogation took place one and one-half days after first interrogation at which the warnings were given. *And see* Maguire v. United States, 396 F.2d 327 (9th Cir.).

The second question suggested by the record is whether the court should have declared a mistrial on its own motion for the misconduct of counsel in the absence of a specific request. The circumstances of the misconduct were that during cross-examination of the defendant by the prosecutor, defendant's counsel, becoming upset at the line of questioning, abruptly stood up and threw a file in the air, thus sending papers flying throughout the courtroom. Affidavits presented on appeal suggest that this may have had an adverse effect on the jury against the defendant.

The rule is well settled in Arizona that the failure of counsel to object constitutes a waiver, and there is no basis for appeal. *See* State v. Phillips, 102 Ariz. 377 at 382, 430 P.2d 139. It is, however, subject to the exception that a court should notice defects on its own initiative which affect substantial rights, principally those affecting constitutional rights, solely to prevent a miscarriage of justice. Patton v. Minneapolis Street Railway Company, 247 Minn. 368, 77 N.W.2d 433; Magistad v. Potter, 227 Minn. 570, 36 N.W.2d 400. We do not believe that defendant's basic constitutional rights were in jeopardy at this point. If anything, counsel's conduct was designed to call to the attention of the jury

that he felt the prosecutor's line of questioning was grossly improper. To permit the defendant to obtain an advantage from the misconduct of his own counsel would provide a litigant with a means to obtain a new trial when he believes he is losing during the course of the trial. Courts will not allow a party to take advantage of a wrong which he or his counsel provokes. *See* Big Ledge Copper Co. v. Dedrick, 21 Ariz. 129 at 134, 185 P. 825.

The third question presented is whether it was proper for the prosecutor to cross-examine the defendant as to a possible basis for the dispute that resulted in the homicide. The questioning centered on two areas: first, in the fact that the Gilreaths' estrangement resulted from his wife's ability to obtain employment while defendant was out of work, and, second, whether a possible motive for the slaying was the theft of money his wife was known to be carrying shortly before her death, only part of which was found at the scene of the crime. Objections to the questioning were made and overruled.

It is asserted that these lines of questioning insinuated matters which the prosecutor was not prepared to prove and that they had no actual relevance to the crime. Defendant relies on State v. Singleton, 66 Ariz. 49, 182 P.2d 920, and State v. Stago, 82 Ariz. 285, 312 P.2d 160, wherein we held it was reversible error to cross-examine a defendant as to prior bad acts if he was not prepared to substantiate the allegations in the event of a negative answer.

However, the reasons behind the Gilreaths' disputes were not collateral and irrelevant. They bear on a possible motive for the crime, and under the circumstances it was probable that the defendant had some knowledge of the subject matter of the questioning. Arizona follows the English or "wide open" rule, wherein cross-examination may extend to all matters covered by direct examination, and to any other matter within the knowledge of the witness having relevancy to the issues at the trial. Arizona Rules of Civil Procedure 43(g), 16 A.R.S.; Spector v. Spector, 94 Ariz. 175 at 184, 382 P.2d 659; State v. Thomas, 79 Ariz. 355 at 360, 290 P.2d 470; Podol v. Jacobs, 65 Ariz. 50 at 58, 173 P.2d 758; Udall on Evidence, § 45. McCormick on Evidence (1954), § 27, says of the wide-open rule:

> "The procedure by which each witness successively *may be caused to tell all he knows about the case*, is a system which would be followed spontaneously in any informal investigation untrammeled by rules. It serves the convenience of witnesses and is accepted by the jury as a natural way of developing the facts." (Emphasis added.)

In the instant case, the examination of Defendant Gilreath on possible reasons for his marital dispute, and, hence, a motive for the crime, was not error.

Judgment affirmed.

HAYS, V. C. J., and UDALL, LOCKWOOD and CAMERON, JJ., concur.