696 P.2d 1368

STATE of Arizona, Appellee,

v.

Paul Harvey PARRIS, Appellant.

No. 1 CA–CR 7141.

Court of Appeals of Arizona,
Division 1, Department C.

Jan. 10, 1985.
Review Denied March 19, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Asst. Atty. Gen., Chief Counsel Criminal Division and Ronald L. Crismon, Asst. Chief Counsel, Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Arthur G. Hazelton, Deputy Public Defender, Phoenix, for appellant.

## OPINION

EUBANK, Presiding Judge.

Appellant was charged by indictment with the crime of second-degree murder, a Class 2 and dangerous felony. His first trial ended in a mistrial. Thereafter, the case was again tried to a jury and appellant was found guilty of second-degree murder, a dangerous offense. He was sentenced to a presumptive term of 10.5 years imprisonment.

The state's evidence showed that appellant stabbed the victim outside of the Jaguar Club, which is located in Phoenix. The state's eyewitness, "Red" Martin, testified that appellant walked from the Jaguar Club with the victim, James Simpson, towards a motorcycle parked nearby. As the two men approached the motorcycle, the appellant took a knife from the motorcycle and began stabbing the victim. The victim ran across the street and was later found dead in a vacant lot near the club. The stabbing occurred in the early morning hours of June 12, 1982.

There was also testimony that appellant had contacted his supervisor (Ms. Johnson) at his place of employment on June 17, 1983, and requested time off. He explained to her that he needed the time off to contact an attorney because he had been involved in a serious fight over a lady's drink and that she [the supervisor] would hear about it soon enough. The state also offered the testimony of two witnesses who had been told by Red Martin that he had seen appellant stab Simpson. Their testimony was admitted after cross-examination of Martin. Appellant's cross-exami-

nation of Martin clearly suggested to the jury that Martin's testimony was recently fabricated to avoid being sent to jail for violating his probation.

On appeal, appellant argues:

1. The court committed reversible error by allowing a witness to testify to a prior consistent statement of Red Martin as an exception to the hearsay rule under Rule 801(d)(1)(B);

2. The court committed reversible error by allowing the prosecutor to cross-examine a witness concerning hearsay statements made to her by the witness, Martin;

3. The trial court committed reversible error by admitting testimonial evidence that appellant expressed a need to contact a lawyer;

4. He was denied effective assistance of counsel at trial.

## ADMISSIBILITY OF JOHNSON'S TESTIMONY UNDER RULE 801(d)(1)(B), RULES OF EVIDENCE

Although appellant argues that Ms. Johnson's testimony was admitted, "[o]ver appellant's counsel's repeated objections," a review of the trial record reflects a single objection to her testimony. When advised by the state, prior to calling Johnson, that the state would attempt to introduce prior consistent statements made by Martin, defense counsel objected that her testimony, "[C]omes down to that it is hearsay...." Defense counsel argued that the prosecutor was simply trying to bolster his witness' testimony by pointing out that Martin had told someone else he saw the murder before the motive to fabricate had arisen. The trial judge, correctly, noted that the offer made by the state fit precisely into Rule 801(d)(1)(B), Arizona Rules of Evidence. That rule provides, in part:

(d) Statements which are not hearsay. A statement is not hearsay if—

(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (a) inconsistent with his testimony, or (b) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive, or (c) one of identification of a person made after perceiving him; ...

During Red Martin's direct and cross-examination, there was evidence that he had previously witnessed the stabbing of the victim in this case at the Jaguar Club. On at least two occasions after the stabbing, in response to police questioning, he denied being a witness. Later, in August 1982, to avoid having his probation revoked and being sent to prison, he agreed to testify truthfully regarding his knowledge of the events which occurred at the Jaguar Club on June 11 and 12, 1982.

Appellant agrees that the declarant, Red Martin, testified at trial and that defense counsel's cross-examination strongly suggested to the jury that his testimony was recently fabricated or the result of an improper influence or motive. However, he argues that Martin was not subject to cross-examination concerning the statement and the statement was not consistent with his testimony. Therefore, he concludes, the trial judge erred in admitting the statement under Rule 801(d)(1)(B). He relies on *United States v. West*, 670 F.2d 675 (7th Cir., 1982), *cert. denied*, 457 U.S. 1139, 102 S.Ct. 2972, 73 L.Ed.2d 1359 (1982). In *West*, the court held that the prior consistent statement of a witness, offered to rebut a charge of recent fabrication, requires that the out-of-court declarant must testify at trial and that the out-of-court declaration *must* be offered through the declarant's testimony at trial.

■ We think the better reasoned approach to admissibility of prior consistent statements under Rule 801(d)(1)(B) is expressed by those courts which find that the requirements set forth in Rule 801(d)(1)(B) are satisfied if the declarant testifies at trial, is subject to cross-examination, and the out-of-court statement is consistent with the testimony offered at trial. *See United States v. Allen*, 579 F.2d 531 (9th

Cir., 1978); *see generally*, Annot. 47 A.L.R. Fed. 639 (1980) (Annotation discusses the effect of Rule 801(d)(1)(B) of the Federal Rules of Evidence upon the admissibility of a witness' prior consistent statement). The rule requires that the declarant be "subject" to cross-examination concerning the statement. It does not require that the declarant *be* cross-examined concerning the statement. Whether defense counsel will elect to actually cross-examine the declarant regarding prior consistent statements will often be a tactical decision. Unless the record demonstrates that counsel was prevented from "subjecting" the declarant to cross-examination concerning prior consistent statements, the requirements of the rule are satisfied when the witness appears and testifies at trial. Allowing evidence of the out-of-court statements to be admitted through the testimony of third parties is consistent with the law in Arizona. *State v. Martin*, 135 Ariz. 552, 554, 663 P.2d 236 (1983).

In this case, it is clear that the statement which Martin made to Johnson occurred on the day that the victim's body was found, June 12, 1982. At that time, no motive to fabricate existed. Appellant had the opportunity to cross-examine Johnson regarding the alleged statement made to her and the opportunity to cross-examine and impeach Martin's testimony at trial. The prior statement made by Martin was consistent, in substantial part, with his trial testimony.

Furthermore, we note that when Martin concluded his testimony, having been subjected to cross-examination and redirect, the state moved to excuse him. Although appellant objected, when offered the opportunity to subpoena Martin, he declined. Obviously, appellant could have subpoenaed Martin, thereby assuring his continued presence at trial. *Helge v. Druke*, 136 Ariz. 434, 666 P.2d 534 (App.1983); A.R.S. §§ 13–4071(D) and 13–4072. Having had the opportunity to cross-examine Martin while he was on the witness stand and, further, given the opportunity to subpoena him for his continued presence, we think appellant's argument that Martin was not "subject to cross-examination" while testifying at trial is without merit. We hold that the trial court properly permitted Johnson to testify over the hearsay objection interposed by defense counsel.

## ADMISSIBILITY OF WITNESS GOVAN'S TESTIMONY PURSUANT TO RULE 801(d)(1)(B), ARIZONA RULES OF EVIDENCE

Appellant argues that the trial court erred in allowing a witness, Ms. Govan, to relate a prior consistent statement made to her by Martin. Although Govan was called as the first witness in the state's case-in-chief, she was excused, subject to recall. The defense later called her as a witness and during cross-examination by the prosecutor, she testified concerning a prior statement made to her by Martin on June 12, 1982, the day the body was discovered. Appellant, on appeal, argues that the state had the opportunity to determine the order of witnesses and that questioning Govan regarding the prior consistent statement made by Martin exceeded the scope of direct examination by defense counsel.

Rule 611, Arizona Rules of Evidence, requires a trial court to exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence. The rule provides that the court should permit the interrogation of witnesses in such a manner to make the interrogation and presentation effective for the ascertainment of truth and to avoid needless consumption of time. Furthermore, the rule provides that a witness may be cross-examined on any relevant matter. Clearly, after defense counsel had severely impeached Martin's credibility and strongly suggested an improper motive or recent fabrication of his testimony, the testimony of Govan, as well as Johnson, became extremely relevant.

We think the trial judge properly exercised his discretion under Rule 611, Arizona Rules of Evidence, by allowing the examination of Govan, during cross-examination by the prosecutor, in order to elicit relevant and admissible evidence. Precluding examination at that time would only

have necessitated calling Govan in rebuttal. That procedure would have been directly contrary to the rule. *See also, State v. Gilreath,* 107 Ariz. 318, 320, 487 P.2d 385 (1971), *cert. denied,* 406 U.S. 921, 92 S.Ct. 1781, 32 L.Ed.2d 121 (1972). Ms. Govan's testimony regarding the prior consistent statement was admissible under Rule 801(d)(1)(B), Arizona Rules of Evidence. The trial court did not err in permitting the examination of Ms. Govan with respect to the prior statement made by Martin.

## APPELLANT'S STATEMENT OF NEED FOR COUNSEL

■ Appellant argues that the testimony of his job supervisor regarding statements made to her by appellant concerning his involvement in a serious fight and his need for an attorney was improperly admitted. Even though defense counsel made no objection to the introduction of the testimony, appellant argues that admission of this evidence was fundamental error because it penalized him for exercising his right to counsel. The evidence was offered as circumstantial evidence by the state to identify appellant as the victim's killer.

The supervisor testified that appellant told her that he had been in a serious fight over a lady's drink, needed to contact a lawyer, and that she would be hearing of the matter. Appellant argues that the prejudice which occurred because of the supervisor's testimony could have been eliminated by allowing her to testify to everything except his need to contact a lawyer or by giving a cautionary instruction to the jury that no inference of guilt should be drawn from the exercise of his right to counsel.

We think *State v. Moya,* 138 Ariz. 7, 10–11, 672 P.2d 959 (App.1983) controls the disposition of this issue. In that case, the court found that a defendant's statements to friends regarding his need for financial assistance in order to obtain a lawyer were admissible in the sound discretion of the trial judge. In the instant case, statements made by appellant to his job supervisor were very relevant to the issue of identity. We think the trial judge properly exercised his discretion in admitting the evidence.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant argues that there were two omissions in the conduct of trial counsel for which there was no reasoned basis: (1) trial counsel failed to request a *Dessureault*[1] hearing for the single photograph lineup shown to the state's witness, Red Martin; and (2) trial counsel failed to request a transcript of the first trial which resulted in a mistrial.

Relying on *State v. Watson,* 134 Ariz. 1, 653 P.2d 351 (1982), appellant argues that trial counsel's failure to request a *Dessureault* hearing after a single photo lineup was shown to Martin fell below the minimum professional standard of competence.

■ The failure to request a *Dessureault* hearing to challenge the reliability of Martin's identification, under the facts of this case, was not prejudicial to appellant. Given the prior consistent statement of Martin on the day the victim's body was found that he had seen appellant stab the victim, it is unclear how the single photo lineup could have prejudiced appellant. Martin testified that he knew appellant and had seen him on other occasions. Counsel's failure to request a *Dessureault* hearing under these facts is not evidence of ineffective assistance of counsel. *See State v. Tison (Ricky),* 142 Ariz. 446, 690 P.2d 747 (1984).

■ Appellant also argues that defense counsel erred in not requesting or using a transcript of appellant's first trial. He argues that the transcript could have been used to more fully cross-examine appellant's job supervisor and Ms. Govan, who did not testify to the prior consistent statement of Mr. Martin at the first trial. However, appellant has not shown that the fail-

---

1. *State v. Dessureault,* 104 Ariz. 380, 453 P.2d 951 (1969), *cert. denied,* 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1970), which deals with suggestive pretrial identification procedures.

ure to obtain a transcript of the first trial for use in cross-examination of the witnesses would probably have resulted in a different outcome at the second trial. Further, appellant's trial counsel was the same at the first and second trial, and as the record shows was knowledgeable about the testimony of the witnesses. Therefore, appellant has failed to carry his burden of proving that he suffered any prejudice as a result of any possible ineffective assistance of counsel. *State v. Lee*, 142 Ariz. 210, 689 P.2d 153 (1984). In our opinion, appellant received effective assistance of counsel.

Judgment affirmed.

JACOBSON, C.J., and OGG, J., concur.