NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

v.

ROBERTO REYES, *Appellant*.

No. 1 CA-CR 18-0528
FILED 6-20-2019

Appeal from the Superior Court in Maricopa County
No. CR2015-120223-001
The Honorable William R. Wingard, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Bidwill Law Firm, PLLC, Phoenix
By Josephine F. Bidwill
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jennifer M. Perkins joined.

_____

**W E I N Z W E I G**, Judge:

¶1         Roberto Reyes appeals his convictions and sentences for six counts of sexual conduct with a minor and two counts of sexual abuse. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2         Reyes first molested his daughter when she was 13 years old. He continued to sexually abuse her until she was 18 years old, when she confided in a family friend who then told the girl's mother. Mother confronted Reyes, but he denied the allegations. Mother also took her daughter to "get checked" at the hospital. The hospital reported Reyes' sexual abuse to the police. Police interviewed Reyes. Reyes first downplayed the allegations, but then admitted he sexually abused his daughter. He insisted the sexual contact only began after the daughter turned 15 years old.

¶3         Reyes was arrested and charged with 12 counts of sexual conduct with a minor, one count of incest and five counts of sexual abuse. At the State's request, the superior court later dismissed six counts of sexual conduct with a minor, one count of sexual abuse and the incest count. Reyes waived his right to a jury trial. The superior court held a two-day bench trial in May 2018, during which the court received the transcript of Reyes' police interview and heard testimony from the daughter and two detectives. The court found Reyes not guilty of two counts of sexual abuse, but guilty of three counts of sexual conduct with a minor under fifteen years old, class 2 felonies; three counts of sexual conduct with a minor fifteen years of age or older, class 2 felonies; and two counts of sexual abuse of a minor under fifteen years old, class 3 felonies. The court sentenced Reyes

to three consecutive 20-year prison terms, and five concurrent five-year prison terms.[1]  Reyes timely appealed.

## DISCUSSION

**¶4**          Reyes only challenges his convictions for two counts of sexual conduct with a minor under fifteen years old (counts 2 and 3) and one count of sexual abuse of a minor under fifteen years old (count 16).  He argues the only evidence that proves his daughter was under 15 years old when the sexual misconduct occurred was impermissible hearsay evidence, and the State committed prosecutorial vouching.

**¶5**          Reyes first argues the superior court erred in allowing a police detective to testify at trial about the daughter's early statement to police that she was in seventh grade (13-14 years old) when Reyes first tried having sexual intercourse with her.  Earlier in the trial, the daughter testified that Reyes first tried having sexual intercourse with her at some point before spring break of her eighth-grade year, which could have meant after she turned 15 years old.

**¶6**          Reyes argues the detective's testimony was inadmissible hearsay under Arizona Rule of Evidence ("Rule") 801(c)-(d).  We review the court's hearsay decision for an abuse of discretion, *State v. Forde*, 233 Ariz. 543, 564, ¶ 77 (2014), and affirm if it is correct for any reason, *State v. Perez*, 141 Ariz. 459, 464 (1984).

**¶7**          We find no abuse of discretion on this record.  A statement is not hearsay under Rule 801(d)(1)(A) if the "declarant testifies and is subject to cross-examination about a prior statement," and the prior statement "is inconsistent with the declarant's testimony."  Here, the daughter testified at trial and was subject to cross-examination; her trial testimony also conflicted with her prior statement to police about when Reyes first tried having sexual intercourse with her.  Reyes points to nothing in the record showing he was prevented from cross-examining the daughter about her prior statement at trial or subpoenaing her for further cross-examination after the detective testified.  *See State v. Parris*, 144 Ariz. 219, 221-22 (App. 1985).

**¶8**          Because the daughter's prior statement is not hearsay, we do not consider Reyes' remaining hearsay-related arguments, which address

---

[1]      The sentencing minute entry and transcript conflict on whether the five-year concurrent prison terms run consecutive to the last of the three 20-year consecutive prison terms.

Rule 801(d)(1)(B), Rule 803(5), and the alleged resulting prejudice from admitting the prior statement.

¶9      Reyes next argues the prosecutor committed misconduct by impermissibly vouching for the victim. He failed to raise this objection at trial, however, so we review for fundamental error, which requires him to show that (1) error exists; (2) the error is fundamental; and (3) the error caused him prejudice. *State v. Escalante*, 245 Ariz. 135, 140, 142, ¶¶ 12, 21 (2018).

¶10      Two forms of prosecutorial vouching are recognized, including "(1) where the prosecutor places the prestige of the government behind its witness [and] (2) where the prosecutor suggests that information not presented to the jury supports the witness's testimony." *State v. Vincent*, 159 Ariz. 418, 423 (1989). Reyes raises neither form. He instead argues the prosecutor vouched for "the allegations in the indictment" when he questioned the daughter at trial and referenced the daughter's pretrial police interview. This argument is not one of prosecutorial vouching. Indeed, far from bolstering the daughter's testimony, the prosecutor suggested the daughter's trial testimony was inconsistent with her earlier statements to police. *Cf. State v. King*, 180 Ariz. 268, 277 (1994) ("We fail to see, nor does defendant explain, how, by suggesting that one of its own witnesses might lie on the stand, the state was vouching for the credibility of its witness.").

## CONCLUSION

¶11      We affirm Reyes' convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA