455 P.2d 263

**STATE of Arizona, Appellee,**

v.

**Jack E. PROPP, Appellant.**

**No. 1891.**

Supreme Court of Arizona.

In Division.

June 5, 1969.

Rehearing Denied July 15, 1969.

Harry A. Stewart, Jr., Phoenix, for appellant.

Gary Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

UDALL, Chief Justice:

On May 8, 1967, a criminal complaint was filed against the defendant, Jack E. Propp, charging him with two counts of child molesting, A.R.S. § 13-653. Defendant was tried on only one count. At the trial one of the victims, a seven year old boy whom we will refer to as "Freddie", testified that he and defendant had en-

gaged in playing a game called "dickies" where Freddie and defendant each touched the other's penis. The game was played in defendant's back yard and involved one other young boy whom we will refer to as "Stevie". Defendant was convicted by a jury and given a sentence of three years probation.

At the preliminary hearing both Freddie and Stevie took the witness stand. Freddie gave a lucid account of the events which gave rise to the criminal charges against defendant. Stevie, on the other hand, was disqualified by the magistrate because he felt the boy wouldn't understand the oath. It is our opinion, after reading the transcript, that the magistrate made a wise decision. Understandably, Stevie was not called as a witness at the trial. Freddie was the state's principal witness and again gave a clear account of the criminal acts. His credibility was not impeached on cross-examination.

Some two weeks after the conclusion of the trial, Stevie, in the company of an older boy, went to several of his neighbors and told them he had lied about defendant and that defendant had never touched him but had only yelled at him. Armed with affidavits from those neighbors defendant moved for a new trial on the basis of newly-discovered evidence. The motion was denied.

Rule 310, Rules of Criminal Procedure, 17 A.R.S., provides:

"The court shall grant a new trial if any of the following grounds is established:

\*   \*   \*   \*   \*   \*

3. That new and material evidence, which if introduced at the trial would probably have changed the verdict or the finding of the court, is discovered which the defendant could not with reasonable diligence have discovered and produced upon the trial."

■ We are not convinced that the evidence of Stevie's recanted story could not have been discovered and produced at the trial. The record does not disclose that

defendant made any effort to question Stevie before the trial. It is clear that defendant was aware of the boy's involvement in the matter. Although Stevie took the stand at the preliminary hearing, on behalf of the state, he did not testify as to any of the circumstances of the charged offense. Therefore, there is no way of knowing at what point of time he changed his story as to what happened between he and defendant. If Stevie had changed his story prior to the time of the trial it could readily have been determined by questioning Stevie himself.

We have discussed the problems of recanted testimony in previous opinions. In State v. Sims, 99 Ariz. 302, 409 P.2d 17 (1965), we quoted with approval the following language from the landmark decision of People v. Shilitano, 218 N.Y. 161, 112 N.E. 733, L.R.A.1916F, 1044:

"There is no form of proof so unreliable as recanting testimony. In the popular mind it is often regarded as of great importance. Those experienced in the administration of the criminal law know well its untrustworthy character."

That language is applicable here as a discussion of facts will indicate.

The evidence against defendant consisted of Freddie's testimony, which we have already indicated was lucid and not impeached, and testimony by three witnesses concerning a conference which was held at defendant's request prior to the time the formal complaint was filed. The conference was attended by parents of the two boys, a police officer, and defendant. Defendant did most of the talking. According to the testimony of the officer and the parents defendant indicated that his abnormal behavior had been brought about by pressure at work, the death of his mother, and an unsatisfactory sexual relationship with his wife. He was asked by one of the parents if any other neighborhood children were involved, to which he replied— no, only the two. Defendant did not actually confess that he was guilty of any misconduct with the boys, but all of the witnesses who testified concerning the con-

ference drew the inference that he was admitting guilt.

The task of the trial judge, in ruling upon defendant's motion for a new trial, was to weigh the credibility of Stevie's recantation against the evidence upon which the jury found defendant guilty. It is our opinion that he did not abuse his discretion when he refused to order a new trial. Stevie demonstrated at the preliminary hearing that he would not be competent to testify because he would not be able to understand the oath. In addition, the youth who accompanied Stevie when Stevie told the affiants that he had lied about defendant, stated in his affidavit that "Stevie is a big liar, he lies to everyone, but he never lies to me, * * *" Although it doesn't appear that Stevie's recantation was coerced or that he had any self-serving motive to change his story, we feel that the trial judge was justified in doubting Stevie's credibility. It was therefore not error for the court to deny the motion for a new trial.

Defendant's second contention concerns the following excerpt from Freddie's testimony:

"Q  (By the prosecuting attorney) How did Stevie and you come into Mr. Propp's backyard?

"A  Stevie told me.

"Q  Told you what?

"A  Here is that man who likes to play dickies."

No objection or motion to strike was made by defendant as to the above statement. The prosecuting attorney made reference to the statement in his closing argument and told the jury that it was his theory the defendant had played "dickies" with Stevie before and had possibly taught him the game. Defendant argues that the court erred in admitting the testimony in the first place and in not granting a new trial in light of the prosecution's remarks in closing arument.

The failure of defendant to object to the admission of the statement, "Here is that man that likes to play dick-

ies.", waived any error below. State v. Acosta, 103 Ariz. 43, 436 P.2d 592 (1968); State v. Armstrong, 103 Ariz. 174, 438 P. 2d 411 (1968). The prosecuting attorney is permitted to comment on the evidence and argue reasonable inferences therefrom. The fact that the evidence may not have been admitted under a proper objection does not preclude its use in closing argument. Any prejudice which might have resulted from the prosecutor's argument was cured by the court's instruction that the arguments of counsel were not to be considered as evidence.

Defendant contends that the court erred in admitting evidence of the statements made by defendant at the conference involving the parents of the two boys. It is contended that the defendant was not first advised of his constitutional rights as required in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and therefore any statements constituting an admission were inadmissible. The argument is without merit. In Miranda the court was concerned with the custodial interrogation of a suspect by the police. In the instant case defendant requested the conference, was advised by Officer Rockyvich not to have it, did most of the talking himself, and the only questions were asked by parents of the two boys. The Miranda rule is clearly inapplicable.

Defendant finally contends that he was convicted on the basis of the uncorroborated testimony of an accomplice, contrary to the provisions of A.R.S. § 13–136 which require corroboration of an accomplice's testimony. Freddie was the victim, not an accomplice, of the crime of molesting. A child is never an accomplice of that crime. State v. Phillips, 102 Ariz. 377, 430 P.2d 139 (1967). Further, it is apparent from the record that Freddie's testimony was corroborated by the testimony of the participants of the conference called by defendant.

Judgment affirmed.

LOCKWOOD, V. C. J., and HAYS, J., concur.