378

509 P.2d 1025

**STATE of Arizona, Appellee,**

v.

**Sammy Lee JONES, Appellant.**

**No. 1722–2.**

Supreme Court of Arizona,
En Banc.

May 15, 1973.

———◆———

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

Sammy Lee Jones was tried in March, 1966, and convicted by a jury of one count of armed robbery. He was sentenced to not less than ten nor more than twenty years in prison. Jones's previous trial for the same offense on February 25–28, 1966, had ended in a mistrial as a result of a hung jury.

At the March trial, Jones took the stand, denied having anything to do with the robberies and claimed alibi as a defense. In support of his alibi, he presented two of three friends with whom he said he had spent the evening of the robbery. Neither of the two friends, Donald Williams and Clerenzo Jordan, had testified for the defendant during the first trial of the matter. During the cross-examination of Jordan by

the prosecutor, the following exchange took place:

Q Have you been outside the City of Phoenix during the last six months at any time?

MR. ESSER: Your Honor, I am going to object. Again I don't see the relevancy of that type of question. This witness has been subjected to a long cross examination and—

THE COURT: Well, the objection is overruled.

MR. HERTZBERG: Let me rephrase the question.

Q BY MR. HERTZBERG: Were you in the City of Phoenix on February 26th and February 28th of 1966?

A I don't know.

Q Well, if you weren't, where would you be? Do you remember leaving town at any time?

A Yes.

Q When did you leave town?

A I left last week, going to Collidge (sic).

During the cross-examination of Williams, similar questioning occurred:

Q Were you in town on February 25 and 28?

A Was I in town?

Q Yes.

A Yes.

Q Did you ever testify before in this proceeding?

A No.

In his closing argument the prosecutor commented on the fact that neither Williams nor Jordan had testified at the previous trial.

I even asked the other one—I don't remember which one—whether or not he did testify at the previous trial. He said no. I asked them where they were, whether they were available and one of them couldn't remember whether he was in town or out of town or not. He talked about going to some fairly close

place. And I asked him if he was around. 'Yes, I was around.'

Why do I bring this up? God forbid, ladies and gentlemen, but if you are ever charged with a felony and you came up for trial and were not guilty, wouldn't you bother going out and getting your witnesses? Felony is a serious charge. No, they didn't bother to do that. They're last minute witnesses. They are just puffed up for this case. They trial (sic) in here with no notice whatsoever to the State and then they testify.

If I was in their place I'd be out getting every one of those witnesses undoubtedly because I'd be sure I was not guilty and I would ask Mr. Williams, I would ask Mr. Jordan, and tell them they were coming to the first trial and testify, and then ask them 'You remember we went to this place and that place?'

They never showed up. They were never contacted, they never even knew about it. They were available. Why were they just notified yesterday or the day before? Because they are last minute puffed up witnesses. I feel this is very important.

At the end of the argument, Jones moved for a mistrial " . . . based on the argument of the County Attorney alluding to the fact that the alibi witnesses were not available at the previous trial in this matter." The motion was denied.

On appeal defendant argues that the prosecutor's closing remarks constituted reversible error and that the trial court erred in denying his motion for a mistrial. We cannot agree with defendant's contention. An alibi defense attempts to prove facts showing the accused's absence from the scene of the alleged crime at the time of its commission. State v. Hunter, 102 Ariz. 472, 433 P.2d 22 (1967). The State may impeach an alibi. State v. Taylor, 99 Ariz. 85, 407 P.2d 59, cert. denied, 384 U.S. 979, 86 S.Ct. 1878, 16 L.Ed.2d 689 (1965). Arizona follows the wide open rule of cross-examination which permits cross-examination to extend to all matters covered

by direct examination, and to any other matter within the knowledge of the witness having relevancy to the issues at trial. State v. Gilreath, 107 Ariz. 318, 487 P.2d 385 (1971). Here, the prosecution's line of cross-examination was an attempt to show that the alibi was an afterthought or possibly even a fabrication. The credibility of alibi witnesses was clearly relevant to the issues at trial. The remarks in the prosecutor's closing argument served only to call the attention of the jurors to matters which they were justified in considering in determining their verdict. State v. Randolph, 99 Ariz. 253, 408 P.2d 397 (1965). The prosecuting attorney in closing argument is permitted to comment on the evidence and to argue reasonable inferences therefrom. State v. Propp, 104 Ariz. 466, 455 P.2d 263 (1969). We can find no error.

Conviction affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD, and HOLOHAN, JJ., concur.