NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TODD JAMES RISNER, *Appellant*.

No. 1 CA-CR 17-0174
FILED 12-21-2017

Appeal from the Superior Court in Maricopa County
No. CR2016-129773001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jason Lewis
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Jennifer M. Perkins joined.

---

**J O N E S**, Judge:

¶1         Todd Risner appeals his conviction and sentence on one count of disorderly conduct, a domestic violence offense, arguing only that he received an unfair trial by virtue of prosecutorial misconduct.  For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

¶2         In June 2016, Risner got into a verbal altercation with his husband.  As the argument escalated, Risner retrieved a knife from the kitchen and slammed it on the dining room table with sufficient force to break the thick glass top.  The investigating officer did not record his interview with Risner but testified at trial that Risner admitted obtaining the knife and slamming his fist onto the glass tabletop.  Risner was thereafter indicted on one count of aggravated assault.

¶3         During cross-examination, Risner's counsel questioned the investigating officer regarding his decisions not to tape record the interview and not to impound or test the knife, and identified certain facts the officer believed were in his report but were not.  On redirect, the officer testified, without objection, that falsifying reports and evidence "would be dishonorable for one thing and I could lose my job, [my] pension could be at stake, [and] any credibility I have in court at any future case, it's done."

¶4         In his closing, Risner's counsel argued the State failed to meet its burden of proof in light of purported deficiencies in the investigation and discrepancies between the investigating officer's recollection of the events and his written report.  In rebuttal, the State argued, again without objection:

---

[1]      "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

[Risner] admitted to police that night it was a knife that he used. So [defense counsel is] essentially sitting here asking you to find his client to be a liar, and therefore it's reasonable doubt. And why, well, how does he get around it, he says, oh, Officer V[.], well, he didn't record the conversation and so maybe he's not being truthful with you. Really? Do you really believe that? This officer, sworn to protect the citizens of our county, would lose his pension, would lose everything he has with the Phoenix Police Department, him and his family would lose that income, he would potentially be prosecuted by my office for potentially perjury, every case he's ever been worked on would be called into question based on that type of action. For what? Why would he do that? For this guy? To — to — what ax does he have to grind against this defendant? Zero. He has no skin in the game. Absolutely none. He's out there responding to calls. And on that day in June he showed up and he responded to the call and he did his job.

¶5        The jury convicted Risner of the lesser-included offense of disorderly conduct, determined it was a domestic violence offense, and found the State had proved the offense involved the discharge, use, or threatened exhibition of a deadly weapon or dangerous instrument. Risner was sentenced as a dangerous, non-repetitive offender to one-and-a-half years' imprisonment and given credit for forty-one days' presentence incarceration. Risner timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

¶6        To prevail on a claim of prosecutorial misconduct, a defendant must prove: "(1) misconduct is indeed present; and (2) a reasonable likelihood exists that the misconduct could have affected the jury's verdict, thereby denying defendant a fair trial." *State v. Ramos*, 235 Ariz. 230, 237, ¶ 22 (App. 2014) (quoting *State v. Moody*, 208 Ariz. 424, 459, ¶ 145 (2004)). Additionally:

Prosecutorial misconduct "is not merely the result of legal error, negligence, mistake, or insignificant impropriety, but,

---

[2]        Absent material changes from the relevant date, we cite a statute's current version.

taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial, and which he pursues for any improper purpose with indifference to a significant resulting danger of mistrial or reversal."

*Id.* (quoting *Pool v. Superior Court*, 139 Ariz. 98, 108-09 (1984)). Prosecutorial misconduct occurs where the prosecutor: (1) "places the prestige of the government behind its evidence," or (2) "suggests that information not presented to the jury supports the evidence." *State v. Newell*, 212 Ariz. 389, 402, ¶ 62 (2006) (quoting *State v. Vincent*, 159 Ariz. 418, 423 (1989)). Risner argues the prosecutor's statements eliciting testimony on redirect and in his closing argument fall into both categories.

¶7        Because Risner did not object to the testimony and argument in the trial court, we review for fundamental error. *State v. Morris*, 215 Ariz. 324, 335, ¶ 47 (2007) (citing *State v. Roque*, 213 Ariz. 193, 228, ¶ 154 (2006)). To prevail under this standard of review, Risner must establish: (1) error occurred; (2) the error was fundamental; and (3) the error caused him prejudice. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 20 (2005).

¶8        Risner first argues the prosecutor committed misconduct when he elicited testimony from the investigating officer regarding the consequences of falsifying reports or testimony. Risner argues, without meaningful explanation or supporting legal authority, that "[b]y referencing police department policies, the prosecutor bolstered [the officer]'s credibility with the prestige of that government institution." We find no error. The mere fact that a peace officer is a State employee and bound by departmental policies does not create any inference that he is more or less credible than another witness; indeed, the jury was specifically instructed to evaluate a peace officer's testimony the same as it would any other witness, and we presume it followed those instructions. *See State v. Peraza*, 239 Ariz. 140, 146, ¶ 23 (App. 2016) (citing *Newell*, 212 Ariz. at 403, ¶ 68). Moreover, this argument is not supported by the record; no testimony or argument references police department policies.

¶9        Risner also argues the prosecutor vouched for the investigating officer's testimony in his rebuttal by referencing a "sworn duty" imposed by the government and the "prospect of perjury" to be prosecuted by the government. He further contends that the prosecutor's rebuttal improperly referenced facts not in evidence, namely that: (1) the investigating officer was "sworn to protect the citizens of the county," (2) the officer would lose income if he falsified information, and (3) the officer would be subject to a perjury charge if he falsified information.

**¶10**　　We do not interpret the prosecutor's rebuttal argument as vouching in any respect. First, the purported "facts not in evidence" are simply inferences that can fairly be drawn from the officer's testimony that an act of dishonesty could end his career and a common-sense understanding of both law enforcement's role in society, and the general effects of dishonest behavior. "The prosecuting attorney in closing argument is permitted to comment on the evidence and to argue reasonable inferences therefrom." *State v. Jones*, 109 Ariz. 378, 380 (1973) (citing *State v. Propp*, 104 Ariz. 466, 468 (1969)). The jury was properly instructed to use their common sense, *see State v. Gustafson*, 233 Ariz. 236, 262-63, ¶ 13 (App. 2013) (citing *State v. McLoughlin*, 133 Ariz. 458, 461 n.2 (1982), and *State v. Manning*, 224 N.W.2d 232, 236 (Iowa 1974)), and "[t]he remarks in the prosecutor's closing argument served only to call the attention of the jurors to matters which they were justified in considering in determining their verdict," *Jones*, 109 Ariz. at 380 (citing *State v. Randolph*, 99 Ariz. 253, 257 (1965)). *See also State v. McCall*, 139 Ariz. 147, 158-59 (1983) (concluding testimony "that the witness had no motive to testify falsely" was not improper vouching).

**¶11**　　Second, Risner defended the charges based upon purported deficiencies in the investigation and discrepancies in the officer's testimony. "Criticism of defense theories and tactics is a proper subject of closing argument." *Ramos*, 235 Ariz. at 238, ¶ 25 (quoting *United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997)). We cannot say the prosecutor's comments did more than criticize the plausibility of Risner's chosen defense.

**¶12**　　Finally, while a prosecutor cannot "convey his personal belief about the credibility of a witness," *State v. Lamar*, 205 Ariz. 431, 441, ¶ 54 (2003) (citing *State v. White*, 115 Ariz. 199, 204 (1977)), he may certainly comment on a witness's bias or prejudice, or lack thereof, *see, e.g., State v. Herrera*, 203 Ariz. 131, 137, ¶ 17 (App. 2002); *State v. Nilsen*, 134 Ariz. 433, 435 (App. 1982). Additionally, this Court has already held that "the prosecutor's rhetorical questions to the jury 'What motive would the police have to lie in a case like this?' and 'What motive would they have to lie or fabricate any evidence?' did not rise to the level of misconduct," even where the comments mischaracterized the defendant's argument as an attack on their credibility, where, as here, the jury was instructed that closing arguments are not evidence. *Ramos*, 235 Ariz. at 238, ¶¶ 29-30; *see also Lamar*, 205 Ariz. at 441-42, ¶ 54 ("Arizona courts have held that an instruction explaining to the jury that lawyers' arguments are not evidence has ameliorated instances of prosecutorial vouching more egregious than occurred here.") (collecting cases).

¶13 "The touchstone . . . in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982). On this record, Risner has not shown any reasonable likelihood the prosecutor's statements could have affected the jury's verdict or otherwise deprived him of a fair trial. He therefore has not proven reversible error.

## CONCLUSION

¶14 Risner's conviction and sentence are affirmed.