NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

AVION TESEAN EDDY, *Appellant.*

No. 1 CA-CR 20-0140
1 CA-CR 20-0219
(Consolidated)
FILED 6-29-2021

Appeal from the Superior Court in Maricopa County
No.  CR2018-159722-001
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Jennifer B. Campbell joined.

---

**M O R S E**, Judge:

**¶1**　　　Avion Tesean Eddy appeals his convictions and sentences for aggravated assault and disorderly conduct. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　On December 9, 2018, Eddy pointed a handgun at D.Z. and made threatening statements.[1] When officers arrived, Eddy entered the backyard of a residence and discarded the handgun and a backpack. After Eddy's arrest, officers located the handgun and backpack. The backpack contained marijuana and items consistent with drug sales.

**¶3**　　　The State charged Eddy with one count each of aggravated assault, a class 3 dangerous felony (Count 1), possession of marijuana for sale, a class 4 felony (Count 2), misconduct involving weapons, a class 4 felony (Count 3), criminal trespass in the first degree, a class 1 misdemeanor (Count 4), and disorderly conduct, a class 6 dangerous felony (Count 5). The State dismissed Count 3 short of trial.

**¶4**　　　In the first trial, the jury convicted Eddy of possession of marijuana for sale, Count 2, and criminal trespass, Count 4. The jury found Eddy committed Count 2 for pecuniary gain and both counts while on felony release. The jury, however, could not reach a verdict as to Counts 1 and 5. The State elected to retry those counts in a second trial.

**¶5**　　　In the second trial, D.Z. testified that he saw Eddy smoking marijuana on the steps outside of his apartment. D.Z. testified that Eddy was wearing a "puffy" jacket, carrying a backpack, and sitting near a bicycle. D.Z. saw that Eddy had baggies and paper packaging next to him. D.Z. asked Eddy to leave, but he refused and stated he did not "abide by the

---

[1]　　　We use initials to protect the victim's privacy. *See* Ariz. R. Sup. Ct. 111(i); *State v. Maldonado*, 206 Ariz. 339, 341, ¶ 2 n.1 (App. 2003).

laws." Eddy pulled out a handgun, pointed it at D.Z., and called himself a "gangster." When D.Z. did not back down, Eddy grabbed his belongings and left the apartment complex.

¶6 D.Z.'s wife, J.B., testified that she looked out the apartment window and saw Eddy pointing a handgun at D.Z. J.B. testified that Eddy had a "puffy" jacket-like vest, gray hat, dark clothing, backpack, headphones, and blonde-tipped dreadlocks. J.B. testified that Eddy's handgun was small and dark, and he was standing near a bicycle and what looked like cigar packaging. J.B. testified that she contacted 911 and provided a description of Eddy. Though J.B. could not recall a specific time frame, she testified that officers responded within minutes of her 911 call and she was speaking with dispatch when Eddy left on his bicycle. Shortly after, J.B. performed an on-scene identification of Eddy. J.B. added that she recognized his vest, hat, and dreadlocks.

¶7 The first responding officer testified that dispatch informed her of a "subject with a gun." She testified the 911 caller, J.B., reported that the perpetrator was a black male with a "puffy" vest, dark clothing, gray hat, backpack, headphones, and blonde-tipped dreadlocks. J.B. reported the perpetrator was smoking marijuana and riding a black bicycle. Though the 911 call was not admitted into evidence, the officer used a dispatch report to refresh her recollection as to the details of J.B.'s description. When the officer responded to the scene, she saw a person later identified as Eddy "matching that exact same description." She drove beside Eddy and asked him to stop. Eddy refused, yelling he "didn't do anything wrong." Eddy eventually dropped his bicycle and entered the backyard of a residence. After Eddy entered a second backyard, officers arrested him and located the backpack and handgun. The officer obtained video surveillance of Eddy entering the first backyard and confirmed that he matched the description provided by J.B. in the 911 call.

¶8 A second officer testified that dispatch informed him of a perpetrator pointing a gun at the 911 caller's husband. He testified that the caller provided a detailed description of the perpetrator, including an approximate age and build. The officer responded to the scene and arrested Eddy, who matched the description in the 911 call. The officer searched Eddy's backpack and located identification cards, cigar packaging, and marijuana. The officer also seized Eddy's cellular phones and articles of clothing. Eddy agreed to speak with the officer but denied any involvement in the offenses.

¶9          While testifying, both D.Z. and J.B. identified Eddy as the perpetrator and confirmed seized items, including the handgun, were consistent with items they saw on the day of the offenses. Forensic experts testified that an analysis of Eddy's cellular phones and DNA testing of the handgun further linked him to the offenses.

¶10         In closing argument, the prosecutor argued J.B. testified based on her memory of Eddy's physical appearance, identified him after the offenses and at trial, and provided a detailed and accurate description in her 911 call. The prosecutor argued Eddy would have addressed inconsistencies in the 911 call, if they existed, during cross-examination. Eddy objected, contending that the jury had not heard the 911 call and any testimony related to the call was admitted solely to establish the officers' state of mind. The State argued multiple witnesses provided details of the 911 call and the testimony fell within the "present sense impression" exception to the rule against hearsay. The superior court overruled the objection. At no point prior to closing argument did Eddy object to testimony related to the 911 call, take issue with the State's characterization of the 911 call, or request the testimony be admitted for a limited purpose. The superior court instructed the jury not to consider remarks in closing argument as evidence.

¶11         The jury found Eddy guilty as charged in Counts 1 and 5. The jury did not find that Eddy committed the counts while on felony release. Before sentencing, Eddy moved for a new trial and argued, in relevant part, that the State's use of the 911 call in closing argument prevented him from receiving a fair trial. The prosecutor contended statements in the 911 call fell within hearsay exceptions, the jury heard the statements, and his remarks constituted proper argument. The superior court denied the motion.[2]

¶12         At sentencing, the superior court found Eddy had at least one historical prior felony conviction and sentenced him to an aggregate term of six years' imprisonment. We have jurisdiction over Eddy's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1), (2).

---

[2]     Although the superior court failed to enter a timely ruling on the motion for new trial, we deem the motion denied by operation of law and treat any claim arising from the motion as adequately preserved. *See State v. Hill*, 174 Ariz. 313, 323 (1993).

## DISCUSSION

¶13 Eddy argues the superior court erred in overruling his objection to the prosecutor's use of the 911 call in closing argument. Eddy further claims the superior court erred in denying his motion for new trial based on the same issue. We review the superior court's ruling on the objection for an abuse of discretion. *State v. Payne*, 233 Ariz. 484, 513, ¶ 118 (2013). We will not disturb the superior court's denial of the motion for new trial absent an affirmative showing the court acted arbitrarily and abused its discretion. *State v. Durham*, 111 Ariz. 19, 23 (1974).

¶14 Counsel must not "comment upon evidence which has not previously been offered and placed before the jury," *State v. Gonzales*, 105 Ariz. 434, 437 (1970), or "bolster a witness's credibility by reference to matters outside the record," *State v. Acuna Valenzuela*, 245 Ariz. 197, 217, ¶ 75 (2018). Our courts, however, have long afforded counsel wide latitude in closing argument when commenting on admitted evidence and arguing reasonable inferences therefrom. *See Gonzales*, 105 Ariz. at 436-37. In criminal cases, prosecutors are entitled to criticize defense tactics, argue their case was not contradicted, and suggest ultimate conclusions. *See State v. Bible*, 175 Ariz. 549, 602 (1993); *State v. Byrd*, 109 Ariz. 10, 11 (1972); *State v. Ramos*, 235 Ariz. 230, 238, ¶ 25 (App. 2014). We will not reverse if "remarks in the prosecutor's closing argument served only to call the attention of the jurors to matters which they were justified in considering in determining their verdict." *State v. Jones*, 109 Ariz. 378, 380 (1973).

¶15 The record does not support Eddy's claim the prosecutor injected facts not in evidence, nor does it support his contention the evidence was admitted for a limited purpose. Although the State did not play the 911 call for the jury, multiple witnesses testified about the information conveyed during that call. Officers informed the jury of the description J.B. provided to 911 dispatch, confirmed Eddy matched that description, and referred to the dispatch report when necessary. J.B. testified that she contacted 911 and gave dispatch a description of Eddy. Aside from Eddy's objection in closing argument, he did not object to testimony regarding the 911 call, nor did he request the 911 call information be used for a limited purpose. *See State v. McGann*, 132 Ariz. 296, 299 (1982) (failing to raise an objection renders evidence admissible for all purposes). Absent any indication of limited admissibility, the prosecutor's comment on the testimony constituted proper argument. Thus, the superior court did not abuse its discretion in overruling the objection or denying the motion for new trial on the same basis.

**¶16** Eddy's claim that the prosecutor's argument improperly bolstered J.B.'s credibility similarly fails. The evidence supported an inference that J.B. provided accurate details in her 911 call. In arguing that the officer's observations corroborated J.B.'s description to dispatch, and vice versa, the prosecutor did not refer to facts outside the record or call the jury's attention to matters outside its consideration. *See Acuna Valenzuela*, 245 Ariz. at 217, ¶ 75; *Jones*, 109 Ariz. at 380. Moreover, the prosecutor was entitled to argue that Eddy's failure to raise issues with the 911 call during cross-examination further demonstrated its accuracy. *See Ramos*, 235 Ariz. at 238, ¶ 25. The prosecutor properly suggested that consistent, uncontradicted testimony supported the State's theory of the case. *See Byrd*, 109 Ariz. at 11.

**¶17** To the extent Eddy argues admission of the testimony constituted error, we review only for fundamental, prejudicial error. *See State v. Escalante*, 245 Ariz. 135, 138, ¶ 1 (2018); *State v. Marlow*, 163 Ariz. 65, 69 (1989) ("Failure to make a timely objection to the introduction of evidence waives all except fundamental error."). To prevail on a claim of fundamental error, a defendant must first demonstrate trial error. *Escalante*, 245 Ariz. at 142, ¶ 21. Here, we agree with the State's assertion that statements from the 911 call were admissible under the "Present Sense Impression" exception to the rule against hearsay. *See* Ariz. R. Evid. 803(1). Statements fall within the "Present Sense Impression" exception if they describe "an event or condition, made while or immediately after the declarant perceived it." *Id.* Such statements are "deemed reliable because they are made close in time to the events they describe." *State v. Tucker*, 205 Ariz. 157, 165, ¶ 42 (2003). J.B. testified that she observed Eddy's conduct and appearance as she was providing descriptions to 911 dispatch. The admission of J.B.'s contemporaneous statements to dispatch did not constitute error, fundamental or otherwise.

**¶18** Finally, the superior court mitigated any potential error in instructing the jury that remarks in closing argument were not evidence. *See State v. Newell*, 212 Ariz. 389, 403, ¶ 68 (2006) (presuming that jurors follow jury instructions).

**CONCLUSION**

¶19        We affirm Eddy's convictions and resulting sentences.



AMY M. WOOD • Clerk of the Court
FILED:     AA